■ CLORDIA HAWTHORNE et al., Plaintiffs, v SOUTH BRONX COMMUNITY CORP. et al., Defendants, et al., Third-Party Plaintiff, et al., Second Third-Party Plaintiff, et al., Third-Party Defendant, Second Third-Party Defendant and Fourth-Party Plaintiff. STATE INSURANCE FUND, Fourth-Party Defendant-Appellant; ZURICH-AMERICAN INSURANCE COMPANIES, Fourth-Party Defendant-Respondent.—Order of the Supreme Court, Bronx County (Barry Salman, J.), entered on or about February 8, 1989, which granted the cross motion for summary judgment of fourth-party defendant Zurich-American Insurance Companies, and denied the motion for summary judgment of the fourth-party defendant State Insurance Fund, and declared that the State Insurance Fund is solely responsible to indemnify the subcontractor for the settlement, unanimously modified, on the law, to the extent of declaring that Zurich-

American and the State Insurance Fund are each 50% liable for the amount of the settlement, without costs.

This appeal arises from a dispute between two insurers over which must pay the settlement of a claim by a construction worker who fell from scaffolding. Pursuant to a stipulation entered into by the parties, the subcontractor, Bri-Den Construction Company was 100% at fault for the accident. Although the owner of the premises was free of fault for the accident, section 240 of the Labor Law places 100% of the liability on the owner. Under article 9 of its contract with the general contractor, Anthony Marino Construction Corp., Bri-Den agreed to indemnify Marino and the owner for all claims for injury occurring at the construction site, regardless of whether the owner or general contractor was at fault in causing the accident.

Zurich-American and the State Insurance Fund each issued policies to Bri-Den Construction Co. The State Insurance Fund insured Bri-Den under a workers' compensation and employer's liability policy, section 1 (B) of which specifically excluded from coverage "any liability assumed by the employer under any contract".

Zurich-American issued a comprehensive general liability insurance policy to Bri-Den, exclusion (j) of which excludes from coverage claims for injury to an employee in the course of employment, and "any obligation of the insured to indemnify another because of damages arising out of such injury, but this exclusion does not apply to liability assumed by the insured under an incidental contract".

Zurich-American admitted in its answer that exclusion (j) did not exclude Bri-Den's contribution liability in the event that one or both of the third-party plaintiffs obtained a judgment against Bri-Den based upon any right instead of or in addition to a common-law right to indemnification.

The central issue on this appeal is whether the indemnification provision contained in article 9 of Bri-Den's contract is enforceable. This issue was determined by the Court of Appeals in *Brown v Two Exch. Plaza Partners* (76 NY2d 172), which held that where there was no showing of negligence on the part of the indemnified party, the provision of General Obligations Law § 5-322.1 that bars such contracts of indemnification as against public policy does not apply. Thus, the motion court erred in holding the indemnification provision void and unenforceable.

We agree with the motion court's analysis that, if enforce-

ment were given to the contractual indemnification provision, recovery by Marino from Bri-Den would be available under both common-law and contractual indemnification. Therefore, Zurich and State Fund are each liable under their respective policies for the same claim based upon the two different theories of recovery, and should share the liability equally. *(Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co.,* 136 AD2d 246.)* Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.