■ SANDRA LEYTON, Appellant, v AMERICAN MAYFLOWER LIFE INSURANCE COMPANY OF NEW YORK et al., Respondents.— Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 30, 1991, which granted the motion of defendant American Mayflower Life Insurance Company of New York ("American") to dismiss the complaint and ordered said insurer to refund $8,701.80 to plaintiff's attorneys, representing all premiums paid subsequent to the reinstatement of the policy, and the judgment entered thereon on August 14, 1991, unanimously affirmed, with costs.

Plaintiff's assertion that the disclosure made by the decedent in originally applying for insurance in 1987 carries over to the reinstatement of the insurance policy in 1989 is contrary to the terms of the reinstatement application, which the decedent signed, and which states that the insurer's determination to reinstate the policy "shall be deemed to be based exclusively upon the statements and representations contained in this application". The actions of plaintiff's counsel in invoking the doctor-patient privilege to prevent testimony as to the decedent's medical condition or treatment within the relevant time period made the admitted misrepresentation presumptively material, as a matter of law, under Insurance Law § 3105 (d). Accordingly, there are no issues of fact for trial insofar as the defendant American is concerned. Concur —Sullivan, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.