■ MARIANO ECHAVARRIA, Respondent, v CITY OF NEW YORK, Appellant, and THOMPSON CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff-Appellant. AQUAMER PAINTING & CONTRACTING, Third-Party Defendant-Appellant. [606 NYS2d 911] —In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of a resettled judgment of the Supreme Court, Queens County (Harbater, J.), entered December 12, 1990, as, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $262,700 ($2,700 for past medical expenses, $10,000 for past lost wages, $40,000 for past pain and suffering, $10,000 for future medical expenses, and $200,000 for future pain and suffering). The defendant third-

party plaintiff Thompson Construction Company separately appeals from so much of the same resettled judgment as is in favor of the plaintiff and against it in the principal sum of $262,700 ($2,700 for past medical expenses, $10,000 for past lost wages, $40,000 for past pain and suffering, $10,000 for future medical expenses, and $200,000 for future pain and suffering), and in favor of the defendant City of New York and against it in the sum of all payments the defendant City of New York makes to the plaintiff in execution and satisfaction of the resettled judgment. The third-party defendant Aquamer Painting & Contracting separately appeals, as limited by its brief, from so much of the same resettled judgment as is in favor of the defendant third-party plaintiff Thompson Construction Company and against it in the principal sum of all payments the defendant third-party plaintiff Thompson Construction Company makes in execution and satisfaction of the resettled judgment.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff to $52,700 ($2,700 for past medical expenses, $40,000 for past pain and suffering, and $10,000 for future medical expenses), and by adding thereto a provision severing the plaintiff's claims for past lost wages and for future pain and suffering and granting a new trial with respect to those claims, unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation, signed by the plaintiff, consenting to decrease (1) the verdict as to damages for past lost wages from the principal sum of $10,000 to the principal sum of $900, and (2) the verdict as to future pain and suffering from the principal sum of $200,000 to the principal sum of $100,000, and consenting to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to serve and file such a stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry. In the event that the plaintiff so stipulates, then the judgment in his favor, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was employed as a painter by Michael Edward Contracting, Inc., when he fell and sustained personal injuries while working at a job site with employees of the third-party

defendant Aquamer Painting & Contracting (hereinafter Aquamer). The building in which the plaintiff fell was owned by the defendant City of New York (hereinafter the City). The City had contracted with the defendant third-party plaintiff Thompson Construction Company (hereinafter Thompson) to renovate the building. Thompson, in turn, had subcontracted with Aquamer to do the painting.

The trial testimony reveals that the floor of the building was partially covered by two sloping platforms which ran from the front to the rear. In order to paint the ceiling, Thompson provided a scaffold which was constructed by its employees and regularly inspected by the City's representative. The plaintiff was injured when the scaffold, upon which he was standing, toppled while it was being moved by an employee of Aquamer. It was undisputed that the scaffold was properly constructed and in safe condition. Moreover, the evidence reveals that Aquamer's employee ignored previous warnings by representatives of the City and Thompson not to move the scaffold without assistance.

We reject the City's contention that the evidence does not support a finding of liability against it and Thompson under Labor Law § 240. There is sufficient evidence in the record for the jury to have found that the scaffold was placed, within the meaning of Labor Law § 240, by Aquamer's employee in a manner which did not give proper protection to the plaintiff and that such placement was the proximate cause of the plaintiff's injuries (see, e.g., Bland v Manocherian, 66 NY2d 452; Ferra v County of Wayne, 147 AD2d 964; Novell v Carney Elec. Constr. Corp., 123 Misc 2d 1089).

We also reject Aquamer's contention that the jury's apportionment of 100% liability against it is contrary to the weight of the evidence. It is uncontroverted that the scaffold was in safe condition when it rolled off the platform and toppled. The evidence establishes that Aquamer's employee caused the scaffold to fall off the platform when he improperly moved it while the plaintiff was on top of it. Under these circumstances, there exists no reason to set aside, as against the weight of the evidence, the jury's finding with respect to Aquamer (see, Cohen v Hallmark Cards, 45 NY2d 493; Vaniglia v Northgate Homes, Northgate Props., 137 AD2d 806; Nicastro v Park, 113 AD2d 129).

We find, however, that the verdict as to damages for past lost wages and future pain and suffering "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]) to the extent indicated.

Aquamer's remaining contention is without merit *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *Hawthorne v South Bronx Community Corp.,* 165 AD2d 652, *affd* 78 NY2d 433; *cf.,* General Obligations Law § 5-322.1). Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.