(September 17, 1998)

■ Frank Eitner et al., Respondents, v 119 West 71st Street Owners Corp., Appellant and Third-Party Plaintiff, et al., Third-Party Defendants. [677 NYS2d 555] —Order, Supreme Court, New York County (Edward Lehner, J.), entered May 14, 1997, granting plaintiff's motion for partial summary judgment on the issue of defendant's liability under Labor Law § 240 (1), unanimously reversed, on the law, without costs or disbursements, and the motion denied.

While we agree with the motion court that Labor Law § 240 (1) applies to this case (*see, Joblon v Solow*, 91 NY2d 457; *Weininger v Hagedorn & Co.*, 91 NY2d 958), the inconsistencies in plaintiff's statements as to how his injury occurred raise a question of fact as to proximate cause and, thus, plaintiff's motion for partial summary judgment on liability should have been denied.

Plaintiff, who, at the time of the accident, was employed by third-party defendant AMR Mechanical/Hubert Rose, Inc. (AMR), was allegedly injured when he fell while repairing pipe valves on defendant's premises. Plaintiff testified at his examination before trial that, on the day in question, as he was descending a stepladder that was leaning against an oil tank, he fell "off to [one] side [and] [l]anded on [his] knee." According to his testimony, the ladder did not fall. He stated that "[i]t didn't move," that he believed it was "[s]till against the tank". Later in his testimony, plaintiff testified that the ladder "slid off to the side from where it originally was." The hospital record, however, includes a "patient statement" as to "how" the injury occurred: "I twisted my knee after [I] stepped off the

ladder." This statement, which is diametrically opposed to plaintiff's examination-before-trial testimony, raises a question of fact as to whether plaintiff's actions were the sole proximate cause of his injuries. (*See, Weininger v Hagedorn & Co.*, 91 NY2d 958, *supra.*)

The statement is clearly relevant to the diagnosis and treatment of plaintiff's injuries and therefore admissible as part of a hospital record. As the Court stated in *Williams v Alexander* (309 NY 283, 288), "[T]he patient's explanation as to how he was hurt may be helpful to an understanding of the medical aspects of his case." Plaintiff's description as to how his injury occurred is relevant not only to the treatment of his knee condition, but also to the determination of the presence and extent of injuries to other parts of his body. In addition, if the hospital employee who recorded plaintiff's statement were called, he or she could testify to such statement, which constitutes an admission. In opposing summary judgment, hearsay may be sufficient to raise a factual issue and such is the case in the present circumstances. Concur—Lerner, P. J., Sullivan, Nardelli, Rubin and Saxe, JJ.