■ KRISTOPHER HAULOTTE et al., Respondents, v PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Defendants. CHEMICAL BANK, Third-Party Plaintiff, v NEW CORE, Third-Party Defendant-Appellant. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Third-Party Plaintiff, v NUCOR CONSTRUCTION CORP., Third-Party Defendant-Appellant. [698 NYS2d 24] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J., and a jury), entered September 30, 1998, in an action by a laborer against a property owner for personal injuries sustained in a fall from a scaffold, awarding plaintiff and his spouse damages structured pursuant to CPLR article 50-B against the property owner, and awarding the property owner judgment over on its common-law indemnification claim against third-party defendant-appellant, plaintiff's employer, unanimously affirmed, without costs.

The evidence at trial showed that plaintiff was taping drywall when he fell off a four-foot high mobile scaffold that did not have guard rails and the wheels of which were not in the locked position, when a co-worker, with whom plaintiff had been drinking about an hour and a half earlier, attempted to reposition the scaffold to install ceiling tiles without realizing that plaintiff was on top. Such evidence is sufficient to permit a finding that the scaffold was placed, within the meaning of

Labor Law § 240 (1), by a co-worker in a manner that did not give proper protection to plaintiff, and that such placement was the proximate cause of plaintiff's injuries (*see, Echavarria v City of New York*, 200 AD2d 708; *see also, Klapa v O&Y Liberty Plaza Co.*, 218 AD2d 635). Plaintiff and the co-worker were not at the same elevation level, and the four-foot elevation of the scaffold cannot be said to have posed a gravity-related risk that was "minuscule" (*compare, Sutfin v Ithaca Coll.*, 240 AD2d 989). Nor can it be said that plaintiff's alleged intoxication was the sole proximate cause of the accident (*see, Wasilewski v Museum of Modern Art*, 260 AD2d 271). The trial court properly redacted three references in the hospital record indicating that plaintiff fell off a ladder, there being no basis for appellant's speculation that plaintiff was the source of such information (*see, Gunn v City of New York*, 104 AD2d 848; *compare, Eitner v 119 W. 71st St. Owners Corp.*, 253 AD2d 641). Even if he were, the references were not relevant to the diagnosis of his injuries and treatment, as indicated by appellant's own medical expert, who testified that for purposes of diagnosis and treatment it was necessary only to know that plaintiff "fell and landed on something hard" (*see, Gunn v City of New York, supra*; *compare, Eitner v 119 W. 71st St. Owners Corp., supra*). Nor did the trial court err in precluding appellant's pathologist from testifying as to plaintiff's blood alcohol level at the time of the accident and its effect on his balance and ability (*see, Sorensen v Denny Nash, Inc.*, 249 AD2d 745). Whether plaintiff's condition was caused by post-accident surgeries performed by his treating physician was an issue of fact raised by the testimony of appellant's medical expert, and such testimony was for the jury to credit or reject (*see, Preston v Young*, 239 AD2d 729, 731). The verdict does not deviate from what is reasonable compensation under the circumstances (*cf., Hackworth v WDW Dev.*, 224 AD2d 265).

We have considered the employer's other arguments and find them unpersuasive. Concur—Tom, J. P., Mazzarelli, Wallach and Buckley, JJ.