■ JAMES MULLEN, as Administrator of the Estate of PATRICK J. MULLEN, Deceased, Respondent, v INDEPENDENCE SAVINGS BANK et al., Appellants. [700 NYS2d 447] —Order, Supreme Court, New York County (Emily Goodman, J.), entered July 7, 1998, which, insofar as appealed from, as limited by the briefs, denied a motion by the insurers for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the policy declared void *ab initio*. Appeal from order, same court and Justice, entered May 5, 1999, which denied a second, similar motion by insurers, unanimously dismissed, without costs, as academic in light of the foregoing.

---

* Chapter 476 of the Laws of 1997 repealed CPLR 306-b and enacted a new section 306-b.

The motion court erred in denying the insurers summary judgment in this action to collect on a life insurance policy brought by the estate of the insured's husband. Summary judgment was sought, in separate motions, on the grounds that the insured, in applying for the policy, made material misrepresentations as to her history of substance abuse and as to her use of tobacco, respectively.

The record shows that the insurers established without contradiction that the insured materially misrepresented her history of substance abuse. The hospital records, which reflected her statements to doctors regarding the time periods when her substance abuse problem existed, are admissible pursuant to CPLR 4518 (c) as relevant to her diagnosis and treatment (*Eitner v 119 W. 71 St. Owners Corp.*, 253 AD2d 641, 642, citing *Williams v Alexander*, 309 NY 283, 288). This evidence, combined with the evidence of the insurers' underwriting practices regarding applicants' past use of multiple drugs and of drugs intravenously, sufficiently establishes that, at the least, the insured would have received a much less favorable policy (*see, Christiania Gen. Ins. Corp. v Great Am. Ins. Co.*, 979 F2d 268, 278; *Vander Veer v Continental Cas. Co.*, 34 NY2d 50, 53). Moreover, plaintiff failed in his burden to controvert the above-mentioned evidence (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff's argument pursuant to CPLR 4504 (c), regarding the non-waivability of the physician-patient privilege here, is without merit since, *inter alia*, if upheld, the argument would require, pursuant to Insurance Law § 3105 (d), that we deem the insured's failure to disclose her substance abuse history on the insurance application a material misrepresentation, thus entitling the insurers to summary judgment (*see, e.g., Leyton v American Mayflower Life Ins. Co.*, 184 AD2d 244).

Inasmuch as our grant of summary judgment dismissing the complaint renders the appeal from the May 1999 order academic, that appeal need not be addressed. However, were we to consider it, we would find that the insured also materially misrepresented her history of tobacco use, and that such would provide an additional basis for voiding the policy. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Saxe, JJ.