*1143 OPINION OF THE COURT
Mark I. Partnow, J.
Plaintiff Carlos Rivera cross-moves, pursuant to CPLR 3212, for partial summary judgment under his Labor Law § 240 (1) cause of action against defendants Rite Lite Ltd., Mocha Realty LLC and CDP Building & Design Corp., also known as CDP Building and Design (CDP). CDP cross-moves for summary judgment dismissing plaintiffs complaint and all cross claims asserted against it.
The instant action arises out of a May 25, 2000 scaffold-fall accident in which plaintiff sustained various injuries. At all relevant times, Mocha owned a warehouse located at 333 Stanley Avenue in Brooklyn (the premises or the warehouse) and leased this premises to Rite Lite. Prior to the accident, Rite Lite, which operated a manufacturing business out of the warehouse, hired CDP to construct business offices within the existing warehouse. Thereafter, CDP hired various subcontractors to perform different aspects of the work, including plaintiffs employer, Zerem Electric. In particular, Zerem was responsible for performing electrical work on the project, including the installation of numerous fluorescent lighting fixtures.
According to plaintiffs deposition testimony, on the day of the accident, he was responsible for installing several fluorescent lighting fixtures in the ceiling of the warehouse. In order to reach the ceiling, plaintiff stood on top of a scaffold that was approximately “two stories” high. The scaffold consisted of metal tubes/pipes, which supported wooden planks at the top so as to form a work platform. In addition, the apparatus had wheels on its legs so that it could be moved to different areas of the work site. The accident occurred when one of plaintiffs coworkers, who was positioned at ground level, unexpectedly moved/pushed the scaffold while plaintiff was standing on the scaffold platform installing lighting fixtures. This caused plaintiff to lose his balance and fall backward. As he was falling, plaintiff attempted to grab the scaffold’s pipe railing but one of his fingers got caught in the railing and “snapped.” Thereafter, plaintiff fell to the ground below and sustained various injuries.
By summons and complaint, dated November 25, 2002, and supplemental summons and complaint, dated January 27, 2003, plaintiff commenced the instant action against Rite Lite, Mocha, and CDP alleging violations of Labor Law § 240 (1), § 241 (6) and § 200, as well as common-law negligence. In their answer to *1144 the complaint, Rite Lite and Mocha (who share joint representation) alleged cross claims against CDP sounding in contractual and common-law indemnification.
In or about February 2006, Mocha and Rite Lite move for summary judgment dismissing plaintiff’s Labor Law § 200/ common-law negligence claim against it and awarding it common-law indemnification against CDP Thereafter, CDP and plaintiff filed the instant cross motions for summary judgment. In an order dated March 7, 2006, the court granted Mocha and Rite Lite’s motion for summary judgment dismissing plaintiffs Labor Law § 200/common-law negligence claim against it. In addition, the court awarded Mocha and Rite Lite common-law indemnification against CDP “on consent of CDP”[1] The instant decision and order will address CDP and plaintiffs cross motions.
Plaintiffs Labor Law § 240 (1) Claim
In support of its cross motion for summary judgment dismissing plaintiffs Labor Law § 240 (1) claim, and in opposition to plaintiffs cross motion for summary judgment under this cause of action, CDP argues that the accident was not caused by any defect or deficiency in the scaffold that plaintiff was using at the time of the accident. Instead, CDP maintains that the sole proximate cause of the accident was the negligent actions of plaintiffs coworker in moving/pushing the scaffold. Under the circumstances, CDP reasons that there was no violation of Labor Law § 240 (1).
In opposition to GDP’s cross motion, and in support of its own cross motion for summary judgment under Labor Law § 240 (1), plaintiff notes that the accident occurred when the scaffold that he was standing upon unexpectedly moved, which caused him to fall to the ground. According to plaintiff, this constituted a prima facie violation of the statute. Plaintiff further maintains that the fact that the movement of the scaffold was caused by a coworker does not insulate the defendants from liability since this was an entirely foreseeable event.
In a reply affirmation in further support of its cross motion for summary judgment, and in opposition to plaintiff’s cross motion for summary judgment, CDP argues that there are questions of fact regarding the credibility of plaintiffs deposition *1145 testimony, as well as whether the underlying accident was gravity-related for purposes of Labor Law § 240 (1). In support of these claims, CDP submits a workers’ compensation claim form signed by plaintiff under penalty of perjury, which states in pertinent part, “while at work client fell from scaffold 2 feet off ground injuring self.” In particular, CDP notes that this account conflicts with plaintiff’s deposition testimony, which indicates that the subject scaffold was two stories high. In addition, CDP claims that a fall of only two feet is not protected under Labor Law § 240 (l).[2]
In response to CDP’s reply affirmation, plaintiff argues that the court should not consider CDP’s new papers inasmuch as they were served on the return date without leave of the court. In any event, plaintiff argues that, even if he only fell off the scaffold a distance of two feet, the accident would still be covered under Labor Law § 240 (1). Finally, CDP notes that plaintiff did not fill out the workers’ compensation claim form since the form states that the “client” fell from the scaffold.
Labor Law § 240 (1) provides in pertinent part that:
“All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, [or] altering ... of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
Labor Law § 240 (1) was enacted to “prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). In order to accomplish this goal, the statute places the responsibility for safety practices and safety devices on owners, general contractors, and their agents who “are best situated to bear that responsibility” (id. at 500; see also Zimmer v Chemung County Performing Arts, 65 *1146 NY2d 513, 520 [1985]). “The duty imposed by Labor Law § 240 (1) is nondelegable and ... an owner or contractor who breaches that duty may be held liable in damages regardless of whether it has actually exercised supervision or control over the work” (Ross at 500). Furthermore, the statute is to be construed as liberally as possible in order to accomplish its protective goals (Martinez v City of New York, 93 NY2d 322, 326 [1999]). However, “[n]ot every worker who falls at a construction site . . . gives rise to the extraordinary protections of Labor Law § 240 (1)” (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]). Rather, only those accidents proximately caused by a Labor Law § 240 (1) violation will result in the imposition of liability under the statute (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]).
Here, plaintiff testified that, while standing on a scaffold and installing light fixtures in the ceiling of the warehouse, the scaffold suddenly moved, and thereby caused him to lose his balance and fall off the scaffold. It is well settled that a scaffold fall caused by the movement or shifting of the apparatus constitutes prima facie evidence of a Labor Law § 240 (1) violation (deSousa v Dayton T. Brown, Inc., 280 AD2d 447, 448 [2001]; Haulotte v Prudential Ins. Co. of Am., 266 AD2d 38, 38-39 [1999]; Mooney v PCM Dev. Co., 238 AD2d 487, 488 [1997]). Furthermore, the fact that the movement of the scaffold was caused by the plaintiff’s coworker does not constitute a superceding cause of the accident so as to relieve an owner or contractor of liability under the statute (deSousa, 280 AD2d at 448; Haulotte, 266 AD2d at 38-39). Accordingly, plaintiff has made a prima facie showing of his entitlement to summary judgment under Labor Law § 240 (1) and the burden shifts to defendants to raise a triable issue of fact in this regard.
The workers’ compensation claim form annexed to GDP’s reply affirmation is sufficient to raise a triable issue of fact which requires the denial of plaintiff’s motion for summary judgment. In so ruling, the court initially notes that, while it would have been preferable for GDP to have submitted this evidence as part of its cross motion or opposition papers, plaintiff has been given a full opportunity to respond to GDP’s new argument inasmuch as the court adjourned the cross motions when the reply papers were initially received by plaintiff. Accordingly, the court may properly consider GDP’s reply papers (Hoffman v Kessler, 28 AD3d 718, 719 [2006]).
Turning to the workers’ compensation claim form itself, it is well settled that, when a plaintiff is the sole witness to his or *1147 her accident, the awarding of summary judgment in the plaintiffs favor is inappropriate when there is admissible evidence that raises questions regarding the plaintiffs credibility (Woszczyna v BJW Assoc., 31 AD3d 754 [2006]; Hirsch v Greenridge Assoc., LLC, 26 AD3d 411, 412 [2006]). Here, plaintiffs own testimony is the only evidence before the court which indicates that an accident occurred.[3] Furthermore, the disparity between plaintiffs deposition testimony, which indicates a fall of two stories, and his claim in the signed workers’ compensation claim form, which indicates a fall of only two feet, is sufficient to raise a triable issue of fact regarding plaintiffs credibility. Contrary to plaintiffs argument, it is of no moment that the accident might be covered under Labor Law § 240 under either version of the accident. The issue is not whether plaintiff fell from a distance of two stories or two feet. Rather, the issue is whether the evidence plaintiff relies upon in support of his summary judgment motion is credible in the first instance. Moreover, the cases that plaintiff relies upon in support of the proposition that summary judgment is proper where disparate versions of an accident are equally covered under Labor Law § 240 (1) do not involve situations where the plaintiff is the sole witness to the accident (see Turisse v Dominick Milone, Inc., 262 AD2d 305 [1999]; Schultze v 585 W. 214th St. Owners Corp., 228 AD2d 381 [1996]; Fuller v Catalfamo, 223 AD2d 850 [1996]). Furthermore, to the extent that plaintiff attempts to challenge the credibility of the workers’ compensation claim form, the court notes that this form was signed by plaintiff under penalty of perjury. Finally, in the context of a summary judgment motion, it is not the court’s role to weigh the respective credibility of conflicting evidence.
Accordingly, plaintiffs cross motion for partial summary judgment under his Labor Law § 240 (1) claim is denied. GDP’s cross motion for summary judgment dismissing plaintiffs Labor Law § 240 (1) claim is also denied.
Plaintiffs Labor Law § 241 (6) Claim
CDP also cross-moves for summary judgment dismissing plaintiff’s Labor Law § 241 (6) cause of action. In support of this branch of its cross motion, CDP argues that the accident was not caused by any New York State Industrial Code viola *1148 tions. Instead, CDP maintains that the actions of plaintiff’s coworker in moving the scaffold was the sole proximate cause of the accident.
In opposition to this branch of CDP’s cross motion, plaintiff argues that, under relevant case law, his coworker’s act of moving the scaffold does not constitute a superceding cause of the accident so as to insulate CDR Rite Lite, or Mocha from liability under Labor Law § 241 (6). In addition, plaintiff points to numerous alleged Industrial Code violations which he claims may serve to support his Labor Law § 241 (6) claim.
Labor Law § 241 (6) provides, in pertinent part, that: “All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to persons employed therein or lawfully frequenting such places.”
Labor Law § 241 (6), which was enacted to provide workers engaged in construction, demolition, and excavation work with reasonable and adequate safety protections, places a nondelegable duty upon owners and general contractors, and their agents to comply with the specific safety rules set forth in the Industrial Code (Ross, 81 NY2d at 501-502). Accordingly, in order to support a cause of action under Labor Law § 241 (6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable given the circumstances of the accident, and sets forth a concrete standard of conduct rather than a mere reiteration of common-law principles (Ross at 502; Ares v State of New York, 80 NY2d 959, 960 [1992]; see also Adams v Glass Fab, 212 AD2d 972, 973 [1995]).
There is no merit to CDP’s argument that plaintiffs Labor Law § 241 (6) claim should be dismissed because the actions of plaintiffs coworker were the sole proximate cause of the accident. As set forth above, a fall caused by a coworker’s movement of a scaffold is “not of such an extraordinary nature or so attenuated from the statutory violation as to constitute a superceding cause sufficient to relieve the defendant of liability” (deSousa, 280 AD2d at 448).[4] Accordingly, CDP’s cross motion *1149 for summary judgment dismissing plaintiffs Labor Law § 241 (6) claim is denied.
Plaintiffs Labor Law § 200/Common-Law Negligence Claim
CDP cross-moves to dismiss plaintiffs Labor Law § 200/ common-law negligence claim against it. In so moving, CDP maintains that it did not exercise any control or supervision over plaintiffs work, or the work of plaintiffs coworker who moved the scaffold. In this regard, CDP notes that, at his deposition, plaintiff testified that he never heard of CDP CDP also points to the deposition testimony of its president, Joseph Cans, which indicates that plaintiff was controlled and supervised solely by Zerem.
In opposition to this branch of CDP’s cross motion, plaintiff argues that there is a question of fact regarding whether or not CDP had notice of the unsafe nature of the scaffold that plaintiff was using at the time of the accident.
Labor Law § 200 is merely a codification of the common-law duty placed upon owners and contractors to provide employees with a safe place to work (Yong Ju Kim v Herbert Constr. Co., 275 AD2d 709, 712 [2000]). Liability for causes of action sounding in common-law negligence and for violations of Labor Law § 200 is limited to those who exercise control or supervision over the methods that plaintiff employs in his work, or who have actual or constructive notice of, or are otherwise responsible for an unsafe condition that causes an accident (Aranda v Park E. Constr., 4 AD3d 315 [2004]; Akins v Baker, 247 AD2d 562, 563 [1998]).
The uncontroverted evidence before the court demonstrates that CDP did not exercise any control or supervision over plaintiffs work. Furthermore, plaintiffs claim that CDP may have had notice of a defect in the scaffold is speculative and unsupported by any evidence in the record. Under the circumstances, that branch of CDP’s motion which seeks summary judgment dismissing plaintiffs Labor Law § 200/common-law negligence claim is granted.
Cross Claims against CDP
CDP cross-moves for summary judgment dismissing Rite Lite and Mocha’s cross claims against it. In so moving, CDP notes that, inasmuch as it did not control or supervise plaintiffs work and was not otherwise negligent, there is no basis for Rite Lite and Mocha’s common-law indemnification cross claim against *1150 it. In addition, CDP points out that Rite Lite and Mocha have failed to produce any contractual agreement whereby CDP agreed to indemnify them.
In opposition to this branch of CDP’s cross motion, Rite Lite and Mocha note that the court has already awarded them common-law indemnification against CDP in the aforementioned March 7, 2006 order.
Ordinarily, the court’s determination that CDP did not control or supervise plaintiff’s work, and that the accident was not otherwise caused by CDP’s negligence, would require the dismissal of Mocha and Rite Lite’s common-law indemnification cross claim against CDP (see Mohammed v Islip Food Corp., 24 AD3d 634, 637-638 [2005]). However, here, CDP’s attorney, in effect, stipulated to the awarding of common-law indemnification in Mocha and Rite Lite’s favor in the March 7, 2006 order. Under the circumstances, CDP’s cross motion for summary judgment dismissing this cross claim is denied.
Turning to the contractual indemnification cross claim, Mocha and Rite Lite do not dispute CDP’s claim that it never assumed a contractual obligation to indemnify them. Accordingly, that branch of CDP’s cross motion which seeks to dismiss the contractual indemnification cross claim against it is granted.
Summary
In summary, the court rules as follows: (1) plaintiffs cross motion for partial summary judgment against Rite Lite, Mocha, and CDP is denied; (2) those branches of CDP’s cross motion which seek summary judgment dismissing plaintiffs Labor Law § 240 (1) and § 241 (6) claims against it are denied; (3) that branch of CDP’s cross motion which seeks summary judgment dismissing plaintiffs Labor Law § 200/common-law indemnification claim against it is granted; and (4) that branch of CDP’s cross motion which seeks summary judgment dismissing Rite Lite and Mocha’s cross claims against it is denied with respect to the common-law indemnity cross claim, and granted with respect to the contractual indemnity cross claim.

. The order was signed by CDP and Mocha/Rite Lite’s respective attorneys.

. CDP’s reply affirmation was provided to plaintiff on the return date for the cross motions. Thereafter, the court adjourned the cross motions so as to give plaintiff an opportunity to respond to CDP’s reply affirmation.

. The court notes that none of plaintiffs coworkers testified, no accident report has been submitted, and GDP’s owner testified that he did not learn of the accident until this action was commenced.

. CDP’s cross motion papers do not contain any' discussion regarding whether the Industrial Code regulations which plaintiff relies upon in support of his Labor Law § 241 (6) claim are sufficiently specific and applicable. Consequently, the court will not engage in an analysis of this issue sua sponte.