■ KEVIN MOONEY et al., Respondents, v PCM DEVELOPMENT COMPANY et al., Defendants Third-Party Plaintiffs-Appellants, et al., Defendant. S & H INTERIORS, Third-Party Defendant-Appellant. [656 NYS2d 655] —In an action to recover damages for personal injuries, etc., (1) the third-party defendant S & H Interiors appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated January 29, 1996, which granted the plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), denied its cross motion to dismiss the Labor Law § 240 (1) cause of action, and granted the branch of the cross motion of the defendants third-party plaintiffs PCM Development Company and Pyramid Companies which was, in effect, for summary judgment on its third-party causes of action for common-law and contractual indemnification against it, and (2) the defendants third-party plaintiffs PCM Development Company and Pyramid Companies separately appeal, as limited by their brief, from so much of the same order as granted the plaintiffs' motion for partial summary judgment and denied their cross motion to dismiss the Labor Law § 240 (1) cause of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff Kevin Mooney, an employee of the third-party defendant S & H Interiors (hereinafter S & H), which was performing certain construction work pursuant to a contract with the defendant third-party plaintiff PCM Development Company (hereinafter PCM/Pyramid), was injured when scaffolding on which he was working was struck by a mechanical lift, causing him to fall.

The plaintiffs were entitled to partial summary judgment on the issue of liability under Labor Law § 240 (1) *(see, LaFleur v Consolidated Edison Co.,* 221 AD2d 250; *Orcutt v American Linen Supply Co.,* 212 AD2d 979; *Iannelli v Olympia & York Battery Park Co.,* 190 AD2d 775). Contrary to the appellants' contentions, the plaintiffs established a prima facie case *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562). The risk that the scaffold might be struck by another piece of equipment operated in the same area was neither so extraordinary nor so attenuated as to constitute a superseding cause sufficient to relieve PCM/Pyramid of liability *(see, Gordon v Eastern Ry. Supply, supra; Kush v City of Buffalo,* 59 NY2d 26, 33). Nor, as the appellants contend, was the injury unrelated to an elevation hazard *(see, Quinlan v Eastern Refractories Co.,* 217 AD2d 819).

The Supreme Court also properly rejected the claim that PCM/Pyramid was neither the owner nor the general contractor and therefore not subject to liability under Labor Law § 240 (1) *(see, Kenny v Fuller Co.,* 87 AD2d 183). The failure of PCM/Pyramid to deny, in its answer, the allegation that it was the general contractor constituted an admission thereof *(see,* CPLR 3018 [a]). Moreover, not only was PCM/Pyramid the party which contracted with S & H, but the agreement between them provided that all work was subject to the control of PCM/Pyramid and its agent, that S & H was to perform the work to the satisfaction of PCM/Pyramid, that PCM/Pyramid or its agent was authorized to issue additional instructions, and that S & H agreed to follow the safety policy of PCM/Pyramid. Accordingly, the Supreme Court properly refused to dismiss the Labor Law § 240 (1) cause of action on the ground that PCM/Pyramid could not be found liable under the statute. Miller, J. P., Sullivan, Florio and Luciano, JJ., concur.