■ MICHAEL W. KABORYCHA, Appellant, v KIMMINS INDUSTRIAL SERVICE CORP. et al., Respondents, et al., Defendant. (And Other Titles.) [663 NYS2d 642] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated October 30, 1996, as denied that branch of his motion which was for partial summary judgment against the defendants Kimmins Industrial Service Corp. and the County of Nassau on the issue of liability under Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for partial summary judgment against the defendants Kimmins Industrial Service Corp. and the County of Nassau on the issue of liability under Labor Law § 240 (1) is granted.

The plaintiff fell approximately 15 feet from an exposed beam

while employed as a laborer at a demolition site. He moved, *inter alia,* for partial summary judgsent on the issue of liability under Labor Law § 240 (1) against the defendant Kimmins Industrial Service Corp., the general contractor for the project, and the defendant County of Nassau, which owned the premises. The Supreme Court denied that branch of the motion, finding the existence of factual issues concerning whether the statute was applicable to the beam from which the plaintiff fell, and whether the plaintiff was a recalcitrant worker.

We reverse. The respondents did not rebut the plaintiff's prima facie showing that they failed to provide safety devices to protect him from an elevation-related risk, which failure was the proximate cause of his injuries (*see, e.g., Laterra v Rockville Centre Union Free School Dist.,* 186 AD2d 789). It is undisputed that the beam in question was regularly used by workers. Accordingly, there is no merit to the respondents' contention that it was not a device which was provided or required for use in the demolition work underway. We are not persuaded that factual issues preclude the grant of summary judgment because the beam was a permanent support structure for the building (*see, Foufana v City of New York,* 211 AD2d 550; *Richardson v Materese,* 206 AD2d 353).

Finally, the recalcitrant worker defense is not applicable under the facts of this case (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 563). Miller, J. P., Pizzuto, Altman and Goldstein, JJ., concur.