■ JAIME DESOUSA, Appellant, v DAYTON T. BROWN, INC., Respondent. [721 NYS2d 69] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 12, 2000, as denied that branch of his motion which was for partial summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for partial summary judgment on the issue of li-

ability on his cause of action under Labor Law § 240 (1) is granted.

The plaintiff, a bricklayer, was injured when the scaffold on which he was standing began to shake rapidly, causing him to lose his balance and fall to the ground. The movement was apparently caused by a co-worker who was attempting to adjust a pin and brace on the scaffold. The plaintiff subsequently commenced this action against the defendant, the owner of the construction site, alleging, *inter alia*, a violation of Labor Law § 240 (1). After depositions were conducted, the plaintiff moved for partial summary judgment on the issue of liability on that cause of action.

The plaintiff established his entitlement to partial summary judgment. Contrary to the defendant's contention and the conclusion reached by the Supreme Court, there is no question of fact as to whether the co-worker's actions constituted an unforeseeable, independent, intervening act which was a superseding cause of the accident. The co-worker's acts were not of such an extraordinary nature or so attenuated from the statutory violation as to constitute a superseding cause sufficient to relieve the defendant of liability (*see, Mooney v PCM Dev. Co.*, 238 AD2d 487; *see also, Gordon v Eastern Ry. Supply*, 82 NY2d 555). Ritter, J. P., Altman, H. Miller and Schmidt, JJ., concur.