■ Louis Cordero, Appellant, v Kaiser Organization, Inc., et al., Defendants and Third-Party Plaintiffs-Respondents. Dominick Zappola, Jr., Doing Business as Zapcon, Defendant-Respondent. Air-Flow Technology, Inc., Third-Party Defendant-Respondent. [733 NYS2d 234] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated July 19, 2000, as granted those branches of the motion of the defendants Kaiser Organization, Inc., and Belle Terre Terraces, Inc., which were for summary judgment dismissing the causes of action to recover damages for alleged violations of Labor Law § 240 (1) and § 241 (6), granted the separate motion of the defendant Dominick Zappola, Jr., d/b/a Zapcon, for summary judgment dismissing the complaint insofar as asserted against him, and denied his cross motion for summary judgment against the defendants Kaiser Organization, Inc., and Belle Terre Terraces, Inc., on the issue of liability on the cause of action to recover damages for an alleged violation of Labor Law § 240 (1).

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion of the defendants Kaiser Organization, Inc., and Belle Terre Terraces, Inc., which was for summary judgment dismissing the cause of action to recover damages for an alleged violation of Labor Law § 240 (1) and substituting therefor a provision denying that branch of the motion, (2) deleting the provision thereof granting the separate motion of the defendant Dominick Zappola, Jr., d/b/a Zapcon, and substituting therefor a provision denying that motion, and (3) deleting the provision thereof denying the plaintiff's cross motion and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the respondents appearing separately and filing separate briefs.

The plaintiff allegedly suffered personal injuries while working for the third-party defendant Air-Flow Technology, Inc., which had been hired by the defendants Kaiser Organization, Inc. (hereinafter Kaiser), and Belle Terre Terraces, Inc. (hereinafter Belle), to install heating and air conditioning units (hereinafter HVAC units) in buildings under construction in a condominium complex. At the time of the accident, the plaintiff was installing a HVAC unit that was suspended from the roof rafters of a building under construction. To reach the unit, the plaintiff straddled two exposed ceiling beams. He was not provided with any type of safety device. When the building shook, the plaintiff lost his balance, fell between the beams, and lodged his left leg between the beams. He did not fall to the ground. The plaintiff commenced this action to recover damages for his alleged personal injuries against Kaiser and Belle, as well as against the roofer hired by them, the defendant Dominick Zappola, Jr., d/b/a Zapcon (hereinafter Zappola), claiming that he negligently permitted his employees to throw bags of shingles onto the roof which shook the building and caused him to fall.

Kaiser and Belle, as well as Zappola, separately moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-moved for summary judgment against Kaiser and Belle on the issue of liability under Labor Law § 240 (1). The Supreme Court granted the separate motions and denied the cross motion.

In opposition to Zappola's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether Zappola or his employees were performing roofing work at the time of the accident. Conflicting inferences could reasonably be drawn from the deposition testimony of the parties. Accordingly, Zappola's motion should have been denied (*see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Gniewek v Consolidated Edison Co.,* 271 AD2d 643; *Castronovo v Doe,* 274 AD2d 442).

The Supreme Court erred in granting that branch of the motion of Kaiser and Belle which was for summary judgment dismissing the cause of action to recover damages for an alleged violation of Labor Law § 240 (1), and in denying the plaintiff's motion for summary judgment against them on the issue of liability under Labor Law § 240 (1). Contrary to the Supreme Court's determination, the plaintiff was exposed to a type of elevation-related risk contemplated by Labor Law § 240 (1) (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509). The fact that the plaintiff did not fall completely from the

beams does not remove this case from the reach of Labor Law § 240 (1) (*see, Lacey v Turner Constr. Co.,* 275 AD2d 734; *Robertti v Powers Chang,* 227 AD2d 542). Furthermore, liability under Labor Law § 240 (1) is not precluded because the beams were a permanent support structure for the building (*see, Kaborycha v Kimmins Indus. Serv. Corp.,* 243 AD2d 687; *Aiello v Rockmor Elec. Enters.,* 255 AD2d 470; *Richardson v Matarese,* 206 AD2d 353). Since the use of the beams was required to install the HVAC unit, Kaiser and Belle were obligated to provide safety devices affording the plaintiff protection from an elevation-related risk (*see, Kaborycha v Kimmins Indus. Serv. Corp., supra*; *Nieves v Five Boro Air Conditioning & Refrig. Corp.,* 93 NY2d 914; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Elkins v Robbins & Cowan,* 237 AD2d 404). Contrary to the Supreme Court's conclusion, the plaintiff's injuries did not result from "a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance" (*Nieves v Five Boro Air Conditioning & Refrig. Corp., supra,* at 916). The risk that the beams could shake "was neither so extraordinary nor so attenuated as to constitute a superseding cause sufficient to relieve [Kaiser and Belle] of liability" (*Mooney v PCM Dev. Co.,* 238 AD2d 487, 488), particularly since the plaintiff was working inside of a building that was under construction (*see, deSousa v Dayton T. Brown, Inc.,* 280 AD2d 447).

The Supreme Court properly granted that branch of Kaiser and Belle's motion which was for summary judgment dismissing the cause of action to recover damages predicated upon an alleged violation of Labor Law § 241 (6). The Industrial Code provisions relied upon by the plaintiff lacked the specificity required to qualify as a predicate for liability under Labor Law § 241 (6) (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343; *Rojas v County of Nassau,* 210 AD2d 390; *Sisu v Wolinetz,* 200 AD2d 663). Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur.