■ Joseph Van Eken et al., Appellants, v Consolidated Edison Company of New York, Defendant and Third-Party Plaintiff-Respondent. Roadway Contracting Incorporated, Third-Party Defendant-Respondent. [742 NYS2d 94] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Pincus, J.), dated October 11, 2000, as denied their motion for summary judgment on the issue of liability on their cause of action to recover damages pursuant to Labor Law § 240 (1), and granted the motion of the third-party defendant to dismiss that cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiffs' motion is granted, and the motion of the third-party defendant is denied.

The plaintiff Joseph Van Eken (hereinafter Van Eken), an employee of the third-party defendant, Roadway Contracting Incorporated (hereinafter RCI), was working in an excavation trench that was approximately 16 to 18 feet deep, as part of a steam main project for the defendant third-party plaintiff, Consolidated Edison Company of New York (hereinafter Con Ed) at the intersection of Third Avenue and East 52nd Street in Manhattan. While Van Eken was on his knees clearing away rubble with a shovel, a second worker was near him in the trench holding a jackhammer used to break up a concrete housing for the steam main. When a third worker on street level lost his grip on a plywood sheet he was lowering into the trench, the second worker released his grasp on the jackhammer to deflect the falling plywood with his hands. In doing so, the jackhammer, which weighed approximately 100 pounds, fell and struck Van Eken in the back of his legs. Van Eken was not hit by the falling plywood sheet.

The plaintiffs commenced this action against Con Ed alleging, inter alia, a violation of Labor Law § 240 (1), and Con Ed impleaded RCI. The Supreme Court denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action to recover damages pursuant to Labor Law § 240 (1), and granted the motion of RCI to dismiss that cause of action. We reverse.

It is undisputed that Van Eken was injured while working in a trench that was 16 to 18 feet deep when a plywood sheet was being lowered into the trench from street level without the use of a safety device. Thus, the plaintiffs made a prima facie showing that a safety device required under Labor Law § 240 (1) was absent and that this absence was a proximate cause of the accident. Con Ed and RCI failed to raise a triable issue of fact in opposition. Contrary to the arguments of Con Ed and RCI, Van Eken was exposed to an elevation-related hazard within the meaning of Labor Law § 240 (1) (*see Pope v Supreme-K.R.W. Constr. Corp.*, 261 AD2d 523; *Campanella v St. Luke's Roosevelt Hosp.*, 247 AD2d 294; *Panattoni v Inducon Park Assoc.*, 247 AD2d 823; *cf. Narducci v Manhasset Bay Assoc.*, 96 NY2d 259; *but see Adamczyk v Hillview Estates Dev. Corp.*, 226 AD2d 1049). Moreover, the fact that Van Eken was not struck by the plywood sheet does not require dismissal of his cause of action (*see Lacey v Turner Constr. Co.*, 275 AD2d 734; *see also George v Huber Hunt & Nichols*, 242 AD2d 954; *Skow v Jones, Lang & Wooton Corp.*, 240 AD2d 194; *Sasso v NYMED, Inc.*, 238 AD2d 799, 800; *Lockwood v National Valve Mfg. Co.*, 143 AD2d 509). The risk that a worker might be injured by nearby machinery as a consequence of efforts by a coworker to deflect a falling object is not of such an extraordinary nature or so attenuated as to constitute a superseding cause sufficient to relieve Con Ed and RCI of liability (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555; *deSousa v Dayton T. Brown, Inc.*, 280 AD2d 447; *Mooney v PCM Dev. Co.*, 238 AD2d 487). Accordingly, the plaintiffs' motion should have been granted and the RCI's motion should have been denied. Santucci, J.P., Altman and Florio, JJ., concur.

Feuerstein, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum. I must respectfully dissent from the majority's conclusion in this case. The plaintiff Joseph Van Eken was exposed to the usual and ordinary dangers of a construction site, not the extraordinary elevation related risks intended by Labor Law § 240 (1) (*see Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841; *Sutfin v Ithaca Coll.*, 240 AD2d 989). Accordingly, I would affirm the Supreme Court's dismissal of the Labor Law § 240 (1) cause of action.