■ Jose Castillo, Appellant, v 62-25 30th Avenue Realty, LLC, et al., Respondents. [850 NYS2d 616]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Flug, J.), entered October 12, 2006, which, upon a jury verdict in favor of the defendants and against him, and upon an order of the same court dated May 19, 2006, denying his motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law on the issue of liability on the Labor Law § 240 (1) cause of action, is in favor of the defendants and against him, in effect, dismissing the Labor Law § 240 (1) cause of action.

Ordered that the judgment is reversed, on the law, with costs, the Labor Law § 240 (1) cause of action is reinstated, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law on the issue of liability on the Labor Law § 240 (1) cause of action is granted, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages, and the order dated May 19, 2006 is modified accordingly.

The plaintiff, who was performing construction work in a building that was owned by the defendant 62-25 30th Avenue Realty, LLC, and leased by the defendant Zahmel Restaurant Supply Corp., doing business as Zahner's Cash & Carry, was injured while removing large, heavy metal racks from a wall. The jury was presented with two versions of how the accident

occurred. According to the deposition testimony of a coworker and eyewitness, which was read into evidence at trial, the plaintiff fell from the elevated worksite when the metal rack he was working on suddenly came loose and, after he hit the floor, the metal piece he had been handling fell and hit him across the leg. In contrast, after initially stating at his deposition that he had no recollection of how he got hurt, the plaintiff testified at his deposition that he was standing under the scaffold when a piece of the scaffold fell and hit him in the head. The plaintiff's deposition testimony was also read into evidence at trial.

The jury found that there was a violation of Labor Law § 240 (1), but that the violation was not a proximate cause of the plaintiff's injuries. However, when viewing the evidence in the light most favorable to the defendants (*see Szczerbiak v Pilat*, 90 NY2d 553 [1997]), under either scenario presented to the jury, there was no rational basis for the jury to conclude that a violation of Labor Law § 240 (1) was not the proximate cause of the plaintiff's injuries (*see Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 518 [1985]).

The defendants concede that a fall from a scaffold would be covered by Labor Law § 240 (1). There is no merit to their suggestion that the jury could have concluded that the plaintiff's handling of the metal rack caused him to fall, because "contributory negligence is not a defense to a violation of section 240" (*La Lima v Epstein*, 143 AD2d 886, 888 [1988] [internal quotation marks and citations omitted]).

The second scenario before the jury would also be covered by Labor Law § 240 (1), which "applies to both 'falling worker' and 'falling object' cases" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]). This Court has held that "[t]he statutory requirement that workers be provided with proper protection extends not only to the hazards of building materials falling," but to the hazards of defective parts of safety devices "falling from an elevated level to the ground" (*Jiron v China Buddhist Assn.*, 266 AD2d 347, 349 [1999] [injury caused by a falling piece of a hoist would be covered by the statute]; *see Smith v Jesus People*, 113 AD2d 980, 983 [1985] [injury caused by a plank falling from a scaffold was covered by the statute]). Moreover, if the accident was caused by a piece of the scaffold falling from a height of 10 or 12 feet, "proper construction . . . of the [scaffold], which is one of the safety devices enumerated in the statute, could have prevented it" (*Jiron v China Buddhist Assn.*, 266 AD2d at 349).

Other than the above two scenarios, and the plaintiff's trial

testimony that he did not remember whether he was on top of or underneath the scaffold at the time of the accident, no other evidence was before the jury. Since the defendants failed, under either scenario, to present evidence that their violation of Labor Law § 240 (1) was not a proximate cause of the plaintiff's injuries, the Supreme Court should have granted the plaintiff's motion to set aside the verdict and for judgment as a matter of law on the issue of liability pursuant to Labor Law § 240 (1).

The plaintiff's remaining contentions need not be reached in light of our determination. Mastro, J.P., Santucci, Covello and Angiolillo, JJ., concur.