ANTHONY M. SALVAGNO, JR., Respondent, v J.P. SPANO AND COMPANY, INC., Defendant and Third-Party Plaintiff. BRIAN FAY CONSTRUCTION, INC., Third-Party Defendant-Appellant. [891 NYS2d 95]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated July 16, 2008, as denied that branch of its motion which was for summary judgment dismissing the plaintiff's cause of action alleging a violation of Labor Law § 240 (1) and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed by the appellant, Brian Fay Construction, Inc., which had been retained by the defendant third-party plaintiff, J.P. Spano and Company, Inc., the general contractor on a home construction project. On the day of the accident, the plaintiff, positioned at ground level, was installing wooden boards on the underside of a deck. Another worker (hereinafter the coworker) was working on an unopened, A-frame ladder which was propped against the side of the house and standing on an unsecured piece of plywood that had been placed over the exposed beams of the unfinished deck. The coworker was cutting overhanging pieces of wood with a

generator-powered circular handsaw while the plaintiff worked below him. The piece of plywood upon which the closed A-frame ladder stood eventually "kicked out," causing the ladder to slip. The coworker fell while holding onto the saw. The blade of the saw continued to spin and the plaintiff observed "the saw coming at [his] head." The plaintiff raised his hand and two of his fingers were almost completely severed by the saw. The plaintiff did not come into contact with the coworker or the ladder. The Supreme Court denied that branch of the appellant's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action. We affirm.

Labor Law § 240 (1) provides that "[a]ll contractors and owners and their agents . . . in the erection . . . of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

Contrary to the appellant's contention, the plaintiff's injury did not result "from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first place" (*Cohen v Memorial Sloan-Kettering Cancer Ctr.*, 11 NY3d 823, 825 [2008]; *cf. Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). To the contrary, the injury occurred when the "protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993] [emphasis omitted]; *see Brown v VJB Constr. Corp.*, 50 AD3d 373, 376 [2008]), and the hazard presented here was one contemplated in Labor Law § 240 (1) (*see Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 978 [2003]; *De Haen v Rockwood Sprinkler Co.*, 258 NY 350, 353-354 [1932]; *Cantineri v Carrere*, 60 AD3d 1331, 1333 [2009]; *Castillo v 62-25 30th Ave. Realty, LLC*, 47 AD3d 865, 866 [2008]; *Kok Choy Yeen v NWE Corp.*, 37 AD3d 547, 549 [2007]; *Thompson v St. Charles Condominiums*, 303 AD2d 152, 153-154 [2003]; *Jiron v China Buddhist Assn.*, 266 AD2d 347, 349 [1999]; *Smith v Jesus People*, 113 AD2d 980, 983 [1985]; *cf. Del Vecchio v State of New York*, 246 AD2d 498, 498-499 [1998]; *Bloomfield v General Elec. Co.*, 198 AD2d 655, 657-658 [1993]).

Furthermore, the plaintiff's deposition testimony demonstrated that the statute was violated (*see Preneta v North Castle,*

*Inc.*, 65 AD3d 1027, 1027-1028 [2009]; *Rico-Castro v Do & Co N.Y. Catering, Inc.*, 60 AD3d 749, 749-750 [2009]; *Mannes v Kamber Mgt.*, 284 AD2d 310, 311 [2001]), and that the violation was a proximate cause of his injuries (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]; *deSousa v Dayton T. Brown, Inc.*, 280 AD2d 447, 448 [2001]; *Mooney v PCM Dev. Co.*, 238 AD2d 487, 488 [1997]). The plaintiff thus established, prima facie, his entitlement to judgment as a matter of law on his Labor Law § 240 (1) cause of action (*see Thompson v St. Charles Condominiums*, 303 AD2d at 153). In opposition, the appellant failed to submit evidence sufficient to raise a triable issue of fact (*see Rudnik v Brogor Realty Corp.*, 45 AD3d 828, 829 [2007]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and denied that branch of the appellant's motion which was for summary judgment dismissing that cause action.

The appellant's remaining contention is without merit. Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.