KEVIN QUINTEROS, Respondent, v P. DEBLASIO, INC., et al., Appellants. [918 NYS2d 526]—

The plaintiff was an employee of a brick mason who had been hired as a subcontractor by the defendant general contractor P. Deblasio, Inc., and the defendant Deblasio & Capo Properties, Inc., doing business as Deblasio Capo Design Builders (hereinafter together the defendants), to extend the chimney on the roof of a private residence. The plaintiff alleges that he was injured when a scaffold upon which he was standing, which had been erected alongside the residence, collapsed, causing him to fall 15 to 20 feet to the ground, and to be hit on the head by the scaffold and building materials that were on the scaffold and roof.

The plaintiff established, prima facie, his entitlement to judg-

ment as a matter of law on his cause of action to recover damages for a violation of Labor Law § 240 (1) by submitting evidence that he was engaged in an elevation-related activity for which he was not provided appropriate safety devices, and that the violation was a proximate cause of his injuries (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]; *Riffo-Velozo v Village of Scarsdale*, 68 AD3d 839 [2009]; *Chlebowski v Esber*, 58 AD3d 662 [2009]; *Denis v City of New York*, 54 AD3d 803 [2008]; *Rudnik v Brogor Realty Corp.*, 45 AD3d 828 [2007]).

In opposition, the defendants failed to raise a triable issue of fact. The defendants relied on, inter alia, the deposition testimony of the plaintiff's supervisor, who testified that the accident occurred when the plaintiff was riding in a bucket that had been raised by a machine, and the bucket struck the scaffold, causing it to collapse, which, in turn, caused building materials to fall on the plaintiff. Even accepting the defendants' version of the accident, the unsecured materials that fell on the plaintiff were materials that "required securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]; *see Bornschein v Shuman*, 7 AD3d 476 [2004]; *cf. Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). Moreover, contrary to the defendants' contention, the plaintiff's conduct did not constitute an unforeseeable, intervening act that relieved the defendants of liability, given the deposition testimony of the plaintiff's supervisor that the defendants left the subject machine on the work site with the keys inside it, the defendants permitted the plaintiff's employer to use the machine, and that, before the accident, the plaintiff's supervisor, the plaintiff, and a coworker had used the machine to transport workers and building materials between the ground and the roof (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]). It was reasonably foreseeable that the bucket in which the plaintiff was riding would strike the scaffold, causing the scaffold and unsecured materials to fall, and this possibility was not "of such an extraordinary nature or so attenuated from the defendants' conduct that responsibility for the injury should not reasonably be attributed to them" (*id.* at 562; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *cf. Williams v 520 Madison Partnership*, 38 AD3d 464, 466-467 [2007]). In light of the deposition testimony of the plaintiff's supervisor, the defendants also failed to raise a triable issue of fact as to whether the plaintiff's conduct constituted the sole proximate cause of the accident (*cf. Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35 [2004]).

The plaintiff also established, prima facie, his entitlement to

judgment as a matter of law on his cause of action to recover damages pursuant to Labor Law § 241 (6), predicated on a violation of 12 NYCRR 23-1.8 (c) (1) based on the failure to provide him with a safety helmet, and that he was injured when the scaffold and building materials fell upon him (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824, 826 [2009]; *Parrales v Wonder Works Constr. Corp.*, 55 AD3d 579, 582 [2008]; *see also Bornschein v Shuman*, 7 AD3d at 478). In opposition, even accepting the defendants' version of the accident, they failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the plaintiff's renewed motion for summary judgment and denied the defendants' renewed cross motion for summary judgment. Covello, J.P., Dickerson, Belen and Lott, JJ., concur.