■ Roy Losito, Appellant, v Manlyn Development Group, Inc., et al., Respondents, et al., Defendant. [925 NYS2d 873]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered January 16, 2009, as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Manlyn Development Group, Inc., and FB of Long Island, LLC.

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (O'Connell, J.), dated April 19, 2010, as, upon an order of the same court (Mahon, J.), entered January 16, 2009, which, inter alia, denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) against the defendants Manlyn Development Group, Inc., and FB of Long Island, LLC, and upon a jury verdict in favor of those defendants on the issue of liability on that cause of action, is in favor of those defendants and against him, dismissing that cause of action insofar as asserted against them.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the cause of action alleging a violation of Labor Law § 240 (1) against the defendants Manlyn Development Group, Inc., and FB of Long Island, LLC, is reinstated, that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) against the defendants Manlyn Development Group, Inc., and FB of Long Island, LLC, is granted, the order entered January 16, 2009, is modified accordingly, and the remaining causes of action are severed.

The plaintiff, on his motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1), against the defendants Manlyn Development Group, Inc., and FB of Long Island, LLC (hereinafter together the respondents), established, prima facie, that the A-frame ladder on which he was standing was defective and collapsed, causing his injuries (*see Monioudis v City of New York*, 82 AD3d 945 [2011]; *Zhu Wei Shi v Jun Lan Zhang*, 76 AD3d 558, 559 [2010]; *Sozzi v Gramercy Realty Co. No. 2*, 304 AD2d 555, 556 [2003]).

In opposition, the respondents failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). In particular, the respondents failed to raise a triable issue of fact as to whether the foreman's act of stepping on the back of the plaintiff's ladder just before it broke was a "of such an extraordinary nature or so attenuated from the statutory violation as to constitute a superseding cause sufficient to relieve [them] of liability" (*deSousa v Dayton T. Brown, Inc.*, 280 AD2d 447, 448 [2001]; *see Quinteros v P. Deblasio, Inc.*, 82 AD3d 861 [2011]; *Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 175 [2004]; *Van Eken v Consolidated Edison Co. of N.Y.*, 294 AD2d 352, 353 [2002]; *Cordero v Kaiser Org.*, 288 AD2d 424, 426 [2001]; *Mooney v PCM Dev. Co.*, 238 AD2d 487 [1997]).

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on his Labor Law § 240 (1) cause of action as asserted against the respondents.

The plaintiff's remaining contention has been rendered academic. Rivera, J.P., Eng, Roman and Miller, JJ., concur.