In an action to recover damages for personal injuries, the *1248 plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated April 13, 2011, which denied his motion for summary judgment on the issue of liability on the cause of action alleging violation of Labor Law § 240 (1).
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging violation of Labor Law § 240 (1) is granted.
The plaintiff was shoveling concrete out of a container which had been placed on the planks of a scaffold. The container had been raised onto the scaffold by a coworker using a forklift. The plaintiff observed that about one-third of the container hung over the edge of the planks of the scaffold, but the container did not exhibit any instability prior to the accident. After the plaintiff had removed about 15 shovelfuls of concrete from the container in the presence of his foreman, the container tipped off the edge of the scaffold. The plaintiff, who was just removing his shovel from the container when it tipped over, was pulled down with it, and allegedly was injured. The tipping container also pushed the unsecured planks off the metal piping of the scaffold so that they, too, fell to the ground.
The plaintiff commenced this action against the defendant alleging violations of, among other statutes, Labor Law § 240 (1). The plaintiff moved for summary judgment on the issue of liability on that cause of action. The defendant opposed the motion, contending that there was a triable issue of fact as to whether the defendant violated Labor Law § 240 (1) or, even if there was a violation, whether any such violation was a proximate cause of the accident. The Supreme Court denied the plaintiffs motion. The plaintiff appeals, and we reverse.
“ ‘[F]ailing object’ liability under Labor Law § 240 (1) is not limited to cases in which the falling object is in the process of being hoisted or secured” (Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757, 758-759 [2008]; see Sung Kyu-To v Triangle Equities, LLC, 84 AD3d 1058, 1059-1060 [2011]; Vargas v City of New York, 59 AD3d 261, 261 [2009]). Rather, liability may be imposed where an object or material that fell, causing injury, was “a load that required securing for the purposes of the undertaking at the time it fell” (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]; see Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]; Sung Kyu-To v Triangle Equities, LLC, 84 AD3d at 1059-1060; Portillo v Roby Anne Dev., LLC, 32 AD3d 421, 421 [2006]). The Court of Appeals has recognized that “the applicability of the statute in a falling object case . . . does not . . . depend upon whether the object *1249 has hit the worker” (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]). “The relevant inquiry ... is rather whether the harm flows directly from the application of the force of gravity to the object” (id. at 604).
Here, the plaintiff established, prima facie, that the container of concrete constituted a load that required securing and that the defendant’s failure to use an appropriate safety device to secure it was a proximate cause of his injury (id.; see Outar v City of New York, 5 NY3d 731, 732 [2005]; De Haen v Rockwood Sprinkler Co., 258 NY 350, 353-354 [1932]; Harrison v State of New York, 88 AD3d 951, 951-952 [2011]; Castillo v 62-25 30th Ave. Realty, LLC, 47 AD3d 865, 866 [2008]; Coque v Wildflower Estates Devs., Inc., 31 AD3d 484, 487-488 [2006]; Orner v Port Auth. of N.Y. & N.J., 293 AD2d 517, 517-518 [2002]; see also Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]; Quinteros v P. Deblasio, Inc., 82 AD3d 861, 862 [2011]; Mooney v PCM Dev. Co., 238 AD2d 487, 488 [1997]).
In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiff was provided with appropriate safety devices or whether the plaintiff was the sole proximate cause of his alleged injuries (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]; McCallister v 200 Park, L.P., 92 AD3d 927 [2012]; Quinteros v P. Deblasio, Inc., 82 AD3d at 862; Coque v Wildflower Estates Devs., Inc., 31 AD3d at 487-488; see also Rico-Castro v Do & Co N.Y. Catering, Inc., 60 AD3d 749, 750 [2009]; Brandl v Ram Bldrs., Inc., 7 AD3d 655, 655-656 [2004]). Accordingly, the Supreme Court should have granted the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging violation of Labor Law § 240 (1). Angiolillo, J.P., Lott, Roman and Miller, JJ., concur.