■ MICHAEL SCHWARZ, Respondent, v JACK VALENTE et al., Appellants. [977 NYS2d 319]—

In an action to recover damages for personal injuries, the defendant Jack Valente appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated April 12, 2012, as granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as, upon finding that the defendant Jack Valente's acts violated Labor Law § 240 (1), found that such violation was not a "substantial factor" in causing the plaintiff's injuries, and for judgment as a matter of law on the issue of liability on that cause of action, and (2) from an interlocutory judgment of the same court dated August 14, 2012, which, upon the undisturbed portion of the jury verdict and the order, is in favor of the plaintiff and against the defendant Jack Valente on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the interlocutory judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The defendant Jack Valente (hereinafter the defendant) hired the plaintiff to re-shingle the roof of his house. On the day of the accident, the plaintiff used a ladder to get on the roof and install a tarp. He fell as he was attempting to descend from the roof.

The jury determined that the house was a three-family residence, and that the defendant violated Labor Law § 240 (1) by failing to provide safety equipment, but that such violation was not a substantial factor in causing the plaintiff's injuries. Upon the plaintiff's motion pursuant to CPLR 4404 (a), the Supreme Court set aside so much of a jury verdict as, upon finding that the defendant's acts violated Labor Law § 240 (1), found that such violation was not a "substantial factor" in causing the plaintiff's injuries, and thereafter entered an interlocutory judgment in favor of the plaintiff and against the defendant. The defendant appeals.

To grant a motion to set aside a jury verdict and for judgment as a matter of law, the court must "conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265, 273 [2007]).

"Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]; *see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 512-513 [1991]; *Hugo v Sarantakos*, 108 AD3d 744, 744-745 [2013]; *Probst v 11 W. 42 Realty Invs., LLC*, 106 AD3d 711, 711 [2013]). "To prevail on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must show that the statute was violated, and that the violation was a proximate cause of his or her injuries" (*Probst v 11 W. 42 Realty Invs., LLC*, 106 AD3d at 711-712; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-288 [2003]; *Hugo v Sarantakos*, 108 AD3d at 744-745).

Here, no valid line of reasoning and permissible inferences could possibly lead rational persons to conclude that the violation of Labor Law § 240 (1) was not a proximate cause of the plaintiff's injuries (*see Castillo v 62-25 30th Ave. Realty, LLC*, 47 AD3d 865, 866 [2008]; *see also Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524 [1985]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's

motion which was pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as, upon finding that the defendant's acts violated Labor Law § 240 (1), found that such violation was not a "substantial factor" in causing the plaintiff's injuries on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and for judgment as a matter of law on the issue of liability on that cause of action (*see Castillo v 62-25 30th Ave. Realty, LLC*, 47 AD3d at 866; *see also Zimmer v Chemung County Performing Arts*, 65 NY2d at 524).

The defendant's contention that he is entitled to a new trial on the issue of whether the defendants' house was a three-family residence is not properly before this Court (*see Kamen v City of New York*, 169 AD2d 705 [1991]). Dickerson, J.P., Chambers, Roman and Miller, JJ., concur. **[Prior Case History: 35 Misc 3d 1215(A), 2012 NY Slip Op 50714(U).]**