In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered February 8, 2013, as granted that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and denied his cross motion for summary judgment on the issue of liability on that cause of action, and (2) so much of a judgment of the same court entered April 26, 2013, as, upon the order, is in favor of the defendant and against him dismissing the cause of action alleging a violation of Labor Law § 240 (1).
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) is denied, the cause of action alleging a violation of Labor Law § 240 (1) is reinstated, the plaintiffs cross motion for summary judgment on the issue of liability on that cause of action is granted, and the order is modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.
The plaintiff allegedly was injured when he fell off a ladder while affixing plastic sheeting over certain light fixtures as part of an asbestos abatement project which the defendant had hired the plaintiffs employer to perform. The plaintiffs testimony at a hearing held pursuant to General Municipal Law § 50-h revealed that the plaintiff selected, and then carried and set up, *936 an A-frame ladder in the area where he was to perform his work. Indeed, there is no dispute that the ladder was properly placed and in working order. The plaintiff performed his work without incident for a period of time. At some point, a coworker, while cleaning up the discarded plastic sheeting that was littering the floor, pulled a piece of the sheeting, causing the sheeting to become entangled with the ladder, and causing the ladder, and the plaintiff, to fall to the ground. The plaintiff commenced this personal injury action, alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), as well as common-law negligence. The Supreme Court, inter alia, granted that branch of the defendant’s motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action and denied the plaintiffs cross motion for summary judgment on the issue of liability on that cause of action.
“Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites” (McCarthy v Turner Constr, Inc., 17 NY3d 369, 374 [2011]). “To prevail on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries” (Lopez-Danes v 601 W. Assoc., LLC, 98 AD3d 476, 479 [2012]). Here, the plaintiffs deposition testimony established, prima facie, that Labor Law § 240 (1) was violated and that the violation was a proximate cause of his injuries (see Lopez-Dones v 601 W. Assoc., LLC, 98 AD3d at 479; Durmiaki v International Bus. Machs. Corp., 85 AD3d 960 [2011]; Cordero v Kaiser Org., 288 AD2d 424, 425-426 [2001]; deSousa v Dayton T. Brown, Inc., 280 AD2d 447, 448 [2001]).
In opposition, the defendant failed to raise a triable issue of fact. Further, the defendant’s contention that the plaintiff’s coworker’s actions were the sole proximate cause of the accident is without merit. An “independent intervening act may constitute a superseding cause, and be sufficient to relieve a defendant of liability, if it is of such an extraordinary nature or so attenuated from the defendants’ conduct that responsibility for the injury should not reasonably be attributed to them” (Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]). Here, the coworker’s acts were neither of an extraordinary nature nor so attenuated from the statutory violation as to constitute a superseding cause sufficient to relieve the defendant of liability (see Lopez-Dones v 601 W. Assoc., LLC, 98 AD3d 476 [2012]; Losito v Manlyn Dev. Group, Inc., 85 AD3d 983 [2011]; Cordero v Kaiser Org., 288 AD2d at 425-426; deSousa v Dayton T. Brown, Inc., *937 280 AD2d at 448; Mooney v PCM Dev. Co., 238 AD2d 487, 488 [1997]).
Accordingly, the Supreme Court should have denied that branch of the defendant’s motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action and granted the plaintiffs cross motion for summary judgment on the issue of liability on that cause of action. Balkin, J.E, Sgroi, Cohen and LaSalle, JJ., concur.