Goncalves v New 56th & Park (NY) Owner, LLC (2019 NY Slip Op 08265)





Goncalves v New 56th & Park (NY) Owner, LLC


2019 NY Slip Op 08265


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


10332 150847/15

[*1] Jose Goncalves, et al., Plaintiffs-Appellants,
v
New 56th and Park (NY) Owner, LLC, now known as 56th and Park (NY) Owner LLC, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellants.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (John F. Watkins of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered December 21, 2018, which denied plaintiffs' motion for partial summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240(1), unanimously reversed, on the law, without costs, and the motion granted.
Supreme Court correctly concluded that plaintiff Jose Goncalves's affidavit submitted in support of the motion should not be considered to the extent that it averred that he was struck by the entire chain hoist system, which contradicted his deposition testimony that he was struck only by the chain itself (compare Capuano v Tishman Constr. Corp., 98 AD3d 848, 851 [1st Dept 2012]). However, the affidavit was consistent with his prior testimony that he was struck by the chain from above, and the record contains no evidence to the contrary. Accordingly, plaintiffs demonstrated that the chain hoist system at issue failed, causing Goncalves to be struck by an object - either the chain hoist system or just the chain itself - from above, and thereby established their prima facie entitlement to summary judgment on the Labor Law § 240(1) claim (see Barrios v 19-19 24th Ave. Co., LLC, 169 AD3d 747 [2d Dept 2019]; Castillo v 62-25 30th Ave. Realty, LLC, 47 AD3d 865, 866 [2d Dept 2008]; Micoli v City of Lockport, 281 AD2d 881, 882 [4th Dept 2001]). Since defendants failed to raise a triable issue of fact in opposition, plaintiffs' motion should have been granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK