■ IRVING CHRISTIAN, Appellant, v HASHMAT MANAGEMENT CORP. et al., Respondents. [704 NYS2d 472] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered December 30, 1998, which denied plaintiff's motion to resettle a default judgment, unanimously affirmed, with costs.

The subject default judgment has been upheld twice by this Court (see, 205 AD2d 360; 251 AD2d 250). The record does not reflect that plaintiff is entitled to any further relief. Concur—Williams, J. P., Ellerin, Rubin and Saxe, JJ.

■ DONALD A. MILLS, Respondent, v TUMBLEWEED MANAGEMENT Co. et al., Appellants. (And a Third-Party Action.) [704 NYS2d 571] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about July 2, 1999, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was injured on the roof of defendants' building while hoisting work materials up to the building's roof by rope. According to plaintiff, the load of materials he was hoisting became stuck on the way up, violently jerking him forward and when he pulled back on the rope, he injured his back. In this action to recover for that injury under, *inter alia*, Labor Law § 240 (1) and § 241 (6), the IAS Court correctly denied defendants' motion for summary judgment insofar as their motion sought dismissal of plaintiff's Labor Law § 240 (1) claim. Plaintiff's statement in his opposing affidavit, that he pulled back on the rope to keep from falling off the roof, raised an issue of fact as to whether his injury was elevation-related and, accordingly, redressable under section 240 (1). If the accident happened in the manner claimed by plaintiff, plaintiff would be entitled to the protection of section 240 (1) since hoisting construction materials from the roof of a building under the circumstances described in plaintiff's affidavit entails elevation-related hazards of the sort section 240 (1) was intended to guard against (see, *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 512-514).

Moreover, plaintiff adequately alleges that the Industrial Code mandates compliance with concrete specifications applicable to this case and, accordingly, summary judgment dismissing his Labor Law § 241 (6) cause of action was properly denied (see, *Mattison v Wilmot*, 228 AD2d 991, *lv dismissed* 89 NY2d 917). Concur—Williams, J. P., Ellerin, Rubin and Saxe, JJ.