SOURIBA SUWAREH, Respondent, v STATE OF NEW YORK, Appellant. [806 NYS2d 524]—

Judgment of the Court of Claims of the State of New York (Alan C. Marin, J.), entered on or about March 24, 2004, in favor of claimant and against defendant on the issue of liability under Labor Law § 240 (1), affirmed, without costs.

Claimant was made to haul an open bucket of hot tar up to a roof with a rope. On the way up, the bucket became stuck on a

ledge. While trying to free the bucket, claimant lost his balance, and, as he leaned back so as not to fall off the roof, lost control of the bucket, which spilled hot tar onto his feet, burning them. Claimant presented expert testimony that this method of getting hot tar up to a roof is contrary to sound engineering principles and the custom and practices of the trade, and that a mechanical hoist with an overhanging board would have been safer. Defendant's expert said that one of two methods should be used to get hot tar up to a roof: either pumping it up to or heating it on the roof.

We agree with the court's finding that defendants are liable under Labor Law § 240 (1). "The contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]).

We reject defendant's argument that the accident was not gravity related (*see Mills v Tumbleweed Mgt. Co.*, 270 AD2d 121 [2000]). Although the dissent posits that claimant's injuries did not result from a gravity-related accident such as falling from a height or being struck by a falling object, in point of fact both of these types of hazards were presented in this case. Here, claimant was both working at an elevated height and was involved in hoisting dangerous materials from one level to another. In attempting to free the bucket from the building ledge, claimant lost his balance and almost fell from the roof. In addition, while attempting to free the bucket, it tipped over and spilled hot tar on his foot. In both instances, the risk of injury was the direct result of the application of gravity to either claimant himself or the materials being hoisted. Had claimant been supplied with a proper hoist to lift the tar, and a proper brace to prevent him from losing his balance on the elevated roof, the accident may not have occurred.

That claimant did not fall completely off the roof, or that the tar did not fall from a position high above claimant's head, but rather spilled when it was being dislodged while being hoisted, does not negate the fact that claimant's injuries were the direct result of a gravity-related risk.

The dissent's analogy to *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494 [1993]) is inapt. In *Ross*, the injury had nothing to do with gravity-related risks such as falling from a height or being struck by a falling object. The plaintiff, while working

in an elevated shaft, injured his back because of the contorted position in which he was working. There was no loss of balance nor any spilling or falling of materials. Here, there was both. Concur—Saxe, J.P., Marlow, Ellerin and Gonzalez, JJ.

McGuire, J., dissents in a memorandum as follows: I respectfully dissent. While wearing sandals as he was engaged in roof repair on the flat roof of a state-owned building, claimant sustained burns to his feet when hot tar splashed onto his feet from a five-gallon bucket he was holding. Buckets of tar were hauled manually from the ground to the roof by means of a rope attached to the handle. Claimant lost his balance as he freed a bucket which had caught under the edge of the roof and pulled it up to the roof on which he was standing.

Under Labor Law § 241 (6), any comparative fault by claimant would be relevant to his ability to recover for his injuries (*see Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 512 [1991]). By contrast, under Labor Law § 240 (1), absolute liability is imposed for injury proximately caused by a violation of its strictures, and "[n]egligence, if any, of the injured worker is of no consequence" (*Rocovich* at 513). After a trial on liability, the court concluded that there was no basis for liability under Labor Law § 241 (6) but that the State was liable under Labor Law § 240 (1). Claimant has not cross-appealed and so the sole issue on this appeal by the State is whether "the extraordinary protections" of Labor Law § 240 (1) are available to claimant (*Melber v 6333 Main St.,* 91 NY2d 759, 762 [1998]). Those protections, however, "apply only to a narrow class of dangers" (*id.*), and the judgment should be reversed because claimant's injury did not stem from the "elevation-related hazards" at which Labor Law § 240 (1) was aimed (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500 [1993]).

As the Court of Appeals stated in *Ross,* Labor Law § 240 (1) provides " 'exceptional protection' for workers against the 'special hazards' that arise when the work site either is itself elevated or is positioned below the level where 'materials or load [are] hoisted or secured' " (*id.* at 500-501, quoting *Rocovich,* 78 NY2d at 514). The Court went on to define those "special hazards" in words that warrant quotation in full: "The 'special hazards' to which we referred in *Rocovich,* however, do not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity. Rather, the 'special hazards' referred to are *limited* to such specific gravity-related accidents as falling from a height or being struck by a falling object that was *improperly hoisted or inadequately secured.* In other words, Labor Law § 240 (1) was designed to prevent those

types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person"* (81 NY2d at 501 [second emphasis added and citation omitted]).

Simply stated, under these controlling precedents, claimant cannot recover under Labor Law § 240 (1) because his injuries were not caused either by a fall from an elevated position or by being struck by a falling object. Such a fall or such a falling object is a necessary, albeit not a sufficient, condition for liability under Labor Law § 240 (1).

This case is indistinguishable from *Ross*. There, the construction worker sustained back injuries as a result of working in a contorted position while seated on a temporary platform covering a shaft some 40 to 50 feet deep (81 NY2d at 498). Whatever defects may have existed in the platform were irrelevant, because "it cannot be said that the device did not serve the core objective of Labor Law § 240 (1)—preventing plaintiff from falling down the shaft" (*id.* at 501). Just as the mere fact that the plaintiff in *Ross* was working at an elevated level was not sufficient to establish liability under Labor Law § 240 (1), that same fact is not sufficient here. What the Court stated in *Ross* applies equally to claimant's injury: "The injury sustained by the plaintiff in this case—severe and disabling back strain—is not the kind of harm that is typically associated with elevation-related hazards" (*id.* at 500).

To be sure, as claimant's expert opined, if a hoist had been used to transport the buckets of hot tar to the roof, claimant well may not have sustained the burns to his feet. But that is irrelevant. Injuries that do not result from elevation-related hazards "are not compensable under [Labor Law § 240 (1)] even if proximately caused by the absence of an adequate scaffold or other required safety device" (*id.*).

Thus, claimant would not have been able to recover under the statute if he had lost his balance causing the hot tar to splash on his feet as a result of stumbling over some negligently placed obstacle on the roof (*see Melber,* 91 NY2d at 761, 764 [plaintiff's injuries not compensable under Labor Law § 240 (1) although he tripped over electric conduit protruding from the floor while walking on stilts he employed to install metal studs in the top of a drywall]). That claimant lost his balance after leaning down from the roof is of no legal moment, for it established only that his injury was "connected in some tangential way with the effects of gravity" (*Ross,* 81 NY2d at 501).

Obviously, claimant would not have a cause of action under

Labor Law § 240 (1) if he had lost his balance while reaching for a bucket of hot tar that had been placed in some awkward or difficult to reach place on the roof. The "extraordinary protections" of the statute would not apply on those facts, and for the same reason they do not apply on these facts: the "special hazards" at which the statute was aimed are "limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" and do "not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity" (*Ross*, 81 NY2d at 501).