■ Max Lopez et al., Appellants, v Boston Properties Inc. et al., Respondents, et al., Defendants. [838 NYS2d 527]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered November 28, 2005, which denied plaintiffs' motion for partial summary judgment on liability on their Labor Law § 240 (1) and § 241 (6) claims, and granted defendants' cross motion for summary judgment to dismiss those claims, unanimously modified, on the law, defendants' cross motion denied, the claims reinstated, plaintiffs' motion granted on the issue of Labor Law § 240 (1) liability, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

On the day of his injury, plaintiff Max Lopez was working on the seventh floor of a building under construction. As part of his duties, plaintiff would radio a coworker to send up needed materials in a bucket on a pulley system. The coworker, standing on the ground level, would hoist the bucket by pulling on a rope. Plaintiff, wearing a safety line and harness, and standing on an open beam on the seventh floor, would pull the bucket onto the decking and unload its contents. Plaintiff asserts that he voiced numerous complaints at safety meetings and to foremen that the pulley system lacked a brake mechanism and that the buckets were being overloaded.

At the time of the accident, a bucket, overloaded with 200 pounds of large bolts, nuts, and washers, was being hoisted up, when it became stuck under the decking of the seventh floor. Plaintiff pulled the tack line to try to dislodge the bucket, but the coworker, evidently believing that plaintiff was unloading the bucket, let go of the line. Concerned for the safety of his fellow worker, plaintiff grabbed the bucket with his other hand, which caused him to fall off the beam. He fell six to eight feet,

until his safety line abruptly halted his descent, as a result of which he sustained spinal and other injuries.

The record establishes that the lack of a brake mechanism on the pulley system used to hoist overloaded buckets constituted a failure to provide proper protection against elevation-related risks, and that such failure was a proximate cause of plaintiff's injuries. The fact that the safety line and harness may have spared plaintiff from death by arresting his fall before he struck the ground does not preclude recovery under Labor Law § 240 (1), since the safety devices proved inadequate to shield him from gravity-related injuries (*see Kyle v City of New York*, 268 AD2d 192, 198 [2000], *lv denied* 97 NY2d 608 [2002]). To the extent defendants argue that liability in cases involving hoists can only be imposed where an object falls on the plaintiff, they are mistaken (*see Suwareh v State of New York*, 24 AD3d 380 [2005]); it is sufficient to demonstrate that an injury was caused by an effort to prevent an object from falling (*see Skow v Jones, Lang & Wooton Corp.*, 240 AD2d 194, 195 [1997], *lv denied* 94 NY2d 758 [1999]).

Supreme Court erred in finding that plaintiff's action of reaching for the bucket in order to save his coworker was the sole proximate cause. The risk that an elevated worker might become injured while trying to save a coworker below from injury is not so unforeseeable as to be a superseding cause (*see Van Eken v Consolidated Edison Co. of N.Y.*, 294 AD2d 352, 353 [2002]; *see also Skow*, 240 AD2d at 194). The record does not support Supreme Court's interpretation that plaintiff leapt off the building, but rather shows that he reached for the bucket. In any event, it is not unforeseeable that a worker, knowing he is secured to a safety line, might jump off a building to prevent an object from killing or seriously wounding a coworker; in the instant case, plaintiff testified that "[j]ust one nut is like a bullet if you drop it, it's worse than like a bullet." At most, plaintiff's conduct would constitute negligence, not the sole proximate cause, and therefore would not bar recovery under Labor Law § 240 (1), under which the doctrine of comparative negligence is inapplicable (*see Morales v Spring Scaffolding, Inc.*, 24 AD3d 42, 49 [2005]).

Issues of fact, including the degree to which plaintiff's actions may have contributed to the accident, preclude summary judgment to either party on the Labor Law § 241 (6) claim, predicated on Industrial Code (12 NYCRR) § 23-6.1 (j) (hoist brakes) and § 23-6.1 (e) (signal system). Concur—Tom, J.P., Sullivan, Williams, Buckley and Malone, JJ.