■ JOANNE MATHEWS, Respondent, v BANK OF AMERICA et al., Appellants, et al., Defendants. BANK OF AMERICA, Third-Party Plaintiff-Appellant, v EFI GLOBAL, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [968 NYS2d 15]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered May 11, 2012, which, to the extent appealed from as limited by the briefs, denied defendants JVN Restoration Environmental Service Contractors, Inc. and JVN Restoration, Inc.'s (JVN) motion and Bank of America's (BOA) cross motion for summary judgment dismissing plaintiff's common law negligence and Labor Law §§ 200 and 240 (1) claims, and granted third-party defendant EFI Global, Inc.'s (EFI) motion to dismiss BOA's third-party claim for contractual indemnification, unanimously modified, on the law, to dismiss the complaint and all cross claims and counterclaims as against JVN, dismiss the Labor Law § 200 and common-law negligence claims as against BOA, reinstate BOA's third-party claim for contractual indemnification, dismiss BOA's third-party claim for failure to procure insurance, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint and all cross claims as against JVN.

The court properly denied BOA's motion for summary judgment on plaintiff's Labor Law § 240 (1) claim. BOA's contention that plaintiff's accident was not gravity related is unpersuasive, since plaintiff was not required to show that she fell completely off the ladder to the floor so long as the " 'harm directly flow[ed] from the application of the force of gravity to an object or person' " (*Lacey v Turner Constr. Co.*, 275 AD2d 734, 735 [2d Dept 2000], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *see Suwareh v State of New York*, 24 AD3d 380 [1st Dept 2005]). However, the court erred in denying JVN's motion, since JVN could not be considered a statutory agent for purposes of imposing liability under Labor Law § 240

(1) (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]). There is no evidence that it had the authority to supervise, direct, or control the air testing and monitoring work that plaintiff, who was employed by EFI, was performing at the time of her injury (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 293 [2003]). The subcontract by which EFI hired JVN, for the specific purpose of removing asbestos, provided that JVN "shall be under the general direction of EFI."

Both BOA, as building owner, and JVN, as subcontractor, were entitled to summary judgment on plaintiff's Labor Law § 200 and common-law negligence claims (*see Bombero v NAB Constr. Corp.*, 10 AD3d 170, 171 [1st Dept 2004]; *Bodtman v Living Manor Love, Inc.*, 105 AD3d 434 [1st Dept 2013]).

As to JVN, the record makes clear that while JVN was responsible for supervising the asbestos removal process, it had no ability to supervise or control plaintiff or her work, which did not include the actual removal of asbestos, but involved testing the air quality. Thus, it had no authority to control the activity bringing about plaintiff's injuries (*see Russin*, 54 NY2d at 318).

We disagree with the motion court's finding that the indemnity agreement at issue is void and unenforceable under General Obligations Law § 5-322.1, because it requires EFI to indemnify BOA for its own negligence. Since there is no evidence that BOA was negligent, the indemnity provision is enforceable (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 794-795 [1997]; *Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990]).

Finally, in light of the motion court's failure to address the issue, and contrary to BOA's contention, upon a search of the record, we find EFI's evidence sufficient to establish, as a matter of law, that it procured a commercial general liability policy providing coverage to BOA as an additional insured with the agreed policy limits, pursuant to EFI's agreement with the CB Richard Ellis defendants. Thus, BOA's third-party breach of contract/failure to procure insurance claim is dismissed. Concur—Tom, J.P., Friedman, Freedman and Feinman, JJ.