■ ANGELO AMANTE et al., Respondents, v PAVARINI McGOV-ERN, INC., et al., Appellants/Third-Party Plaintiffs-Appellants-Respondents, and INTERSTATE INDUSTRIAL CORP., Respondent. PETER SCALAMANDRE & SONS, INC., Third-Party Defendant-Respondent-Appellant. [8 NYS3d 54]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered March 19, 2014, which, to the extent appealed from, granted plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) claim against defendants Pavarini McGovern, Inc. and Pavarini McGovern, LLC (collectively, Pavarini) and AB Green Gansevoort, LLC, denied Pavarini and AB Green's motion for summary judgment on their cross claims against defendant Interstate Industrial Corp. for common-law and contractual indemnification and on their claims against third-party defendant (Scalamandre) for contractual indemnification and breach of a contract to procure insurance, and denied Scalamandre's motion for summary judgment dismissing the third-party claim for contractual indemnification, unanimously modified, on the law, to grant Pavarini and AB Green's motion for summary judgment on their claim against Scalamandre for contractual indemnification and breach of a contract to procure insurance, and otherwise affirmed, without costs.

Contrary to Pavarini and AB Green's argument, the work site was not closed at the time of plaintiff Angelo Amante's accident. The accident occurred as plaintiff crossed the job site upon arriving early for work and entering through an open gate, one of several opened by Pavarini every morning before work commenced (*see Alarcon v UCAN White Plains Hous. Dev. Fund Corp.*, 100 AD3d 431 [1st Dept 2012]). The excavation pit into which plaintiff fell presented an elevation-related hazard covered by Labor Law § 240 (1) (*see Carpio v Tishman Constr. Corp. of N.Y.*, 240 AD2d 234 [1st Dept 1997]). Since there is no evidence that he was aware of a warning against walking through the excavation area or that he unreasonably disregarded any such warning, and the only entrance provided to plaintiff required traversing the subject area, plaintiff cannot be found to be the sole proximate cause of his accident (*see Nacewicz v Roman Catholic Church of the Holy Cross*, 105 AD3d 402, 403 [1st Dept 2013]).

Pavarini and AB Green are not entitled to summary judg-

ment on their claims against Interstate for common-law and contractual indemnification since issues of fact exist whether Interstate or another contractor performed the excavation into which plaintiff fell and whether Pavarini and AB Green were negligent in allowing plaintiff access to the job site through the excavation area or in failing to illuminate the area properly. They are, however, entitled to summary judgment on their claim against Scalamandre for contractual indemnification. The broad indemnification clause provides for indemnification for injuries arising out of or in connection with the performance of the work of the subcontractor Scalamandre under the subcontract, whether caused in whole or in part by the subcontractor (*see Cuomo v 53rd & 2nd Assoc., LLC*, 111 AD3d 548 [1st Dept 2013]; *Burton v CW Equities, LLC*, 97 AD3d 462, 463 [1st Dept 2012]).

Pavarini and AB Green are also entitled to summary judgment on their breach of contract claim against Scalamandre for failure to procure insurance since they made a prima facie showing that the insurance policy Scalamandre procured did not provide $5 million in coverage, as required by its trade contract, and Scalamandre failed to raise a triable issue of fact in opposition.

We note that the record contains no cross claim by Pavarini and AB Green against Interstate for breach of a contract to procure insurance. To the extent they asserted such a claim, they are not entitled to summary judgment thereon since they made no showing that Interstate failed to procure the required insurance. Concur—Sweeny, J.P., Renwick, Andrias, DeGrasse and Gische, JJ.