LINARES BONAERGE, Respondent-Appellant, v LEIGHTON HOUSE CONDOMINIUM et al., Respondents-Appellants, and INTEGRATED CONSTRUCTION SERVICES, INC., Respondent/Third-Party Plaintiff-Respondent, et al., Defendants. ROCKLEDGE SCAFFOLD CORP., Third-Party Defendant-Appellant-Respondent. [22 NYS3d 52]—

Judgment, Supreme Court, Bronx County (Lucindo Suarez, J.), entered March 19, 2015, which to the extent appealed from, granted judgment on the contractual indemnification claims asserted by Leighton House Condominium (Leighton) and Cooper Square Realty s/h/a Cooper Square Realty Inc. (Cooper) as against Integrated Construction Services, Inc. (Integrated), and by Integrated as against Rockledge Scaffold Corp. (Rockledge), unanimously affirmed, without costs. Order, same court and Justice, entered on or about March 12, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff's cross motion for partial summary judgment as to his Labor Law § 240 (1) claim, and denied Rockledge's cross motion for summary judgment dismissing the contractual indemnification claims of Leighton and Cooper against Integrated, and of Integrated against Rockledge, unanimously affirmed, without costs. Appeals from aforementioned order otherwise unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from order, same court and Justice, entered on or about July 17, 2014, deemed appeal from the judgment.

We do not reach plaintiff's unpreserved contention that the court erred in finding that Cooper could not be held liable under Labor Law §§ 240 (1) and 241 (6) since it was not a statutory agent, which "is not a purely legal issue apparent on the face of the record but requires for resolution facts not brought to [defendant's] attention on the motion" (*Rodriguez v Coalition for Father Duffy, LLC*, 112 AD3d 407, 408 [1st Dept 2013] [internal quotation marks and citation omitted]). As an alterna-

tive holding, we reject it on the merits (*see Saaverda v East Fordham Rd. Real Estate Corp.*, 233 AD2d 125, 126 [1st Dept 1996]; *see generally Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]).

The court properly granted plaintiff's cross motion for partial summary judgment on his Labor Law § 240 (1) claim as against Leighton and Integrated. According to plaintiff's testimony, which was abundantly corroborated by a coworker who observed the entire incident, a structure composed of three steel beams in the shape of an upside-down letter "U," which had been removed from a sidewalk bridge, was being lowered toward plaintiff by two other workers. Those workers each held one of the two vertical components while walking backwards, as plaintiff stood in front of the horizontal beam in the middle with the intention of grabbing it and assisting in lowering the structure to the ground. Although the two workers holding the structure initially lowered it very slowly, they eventually lost control of it, causing it to descend toward plaintiff so quickly that it immediately slipped out of his hand once he contacted it with his hand in an attempt to catch it. The horizontal beam struck him on the chest, then struck his left leg and knee, as the structure fell to the ground.

The court properly found a "causal connection between the object's inadequately regulated descent and plaintiff's injury" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 605 [2009]). By submitting an expert affidavit, plaintiff met his initial burden of showing that the beam "required securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]), and that statutorily enumerated safety devices could have prevented the accident (*see Aramburu v Midtown W. B, LLC*, 126 AD3d 498, 499-500 [1st Dept 2015]). It is undisputed that no enumerated safety devices were provided, and the testimony and expert opinion that such devices were neither necessary nor customary is insufficient to establish the absence of a Labor Law § 240 (1) violation (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523 [1985]). The "height differential cannot be described as de minimis given the amount of force [the beam was] able to generate over [its] descent" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 10 [2011] [internal quotation marks and citation omitted]; *see Marrero v 2075 Holding Co. LLC*, 106 AD3d 408, 409 [1st Dept 2013]). Plaintiff was not the sole proximate cause of his injuries, which were caused at least in part by the lack of safety devices to check the beam's descent as well as the manner in which the other two workers lowered

the beam; comparative negligence is no defense to the Labor Law § 240 (1) claim (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289-290 [2003]).

In light of the grant of partial summary judgment on the Labor Law § 240 (1) claim as against Leighton and Integrated, plaintiff's arguments regarding his Labor Law § 241 (6) claim against those defendants are academic (*see Fanning v Rockefeller Univ.*, 106 AD3d 484, 485 [1st Dept 2013]).

The court properly granted summary judgment on Leighton and Cooper's contractual indemnification claim against Integrated, pursuant to a provision of the agreement between Leighton and Integrated broadly obligating the latter to indemnify Leighton and Cooper for claims arising from the performance of the work, given that Integrated subcontracted the work to Rockledge, which employed plaintiff and the other workers involved in the accident (*see Amante v Pavarini McGovern, Inc.*, 127 AD3d 516, 517 [1st Dept 2015]; *Guzman v 170 W. End Ave. Assoc.*, 115 AD3d 462 [1st Dept 2014]). The court also properly granted Integrated's contractual indemnification claim against Rockledge, pursuant to a provision of the agreement between them obligating the latter to indemnify the former for claims, damages, and expenses, among other things, "caused directly and solely by" Rockledge among others. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.