◼ JAMES GRANT, Respondent-Appellant, v SOLOMON R. GUGGENHEIM MUSEUM et al., Respondents, and ROEHL TRANSPORT, INC., Appellant-Respondent. (And Third-Party Actions.) [33 NYS3d 183]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 25, 2014, which, to the extent appealed from as limited by the briefs, granted defendants Solomon R. Guggenheim Museum and F.J. Sciame Construction Co., Inc.'s motion for summary judgment dismissing the complaint as against them, denied plaintiff's motion for summary judgment as to liability on his Labor Law § 240 (1) claim as against Museum and Sciame, and denied defendant Roehl Transport Inc.'s motion for summary judgment dismissing the common-law negligence claim as against it, unanimously modified, on the law, to deny Museum and Sciame's motion as to the Labor Law § 240 (1) claim, and to grant plaintiff's motion, and

otherwise affirmed, without costs. Appeal from order, same court and Justice, entered January 12, 2015, which denied plaintiff's motion for renewal and reargument of his and Museum and Sciame's summary judgment motions, unanimously dismissed, without costs, with respect to reargument, as taken from a nonappealable order, and, with respect to renewal, as academic in view of the foregoing.

Plaintiff was injured when a crate of glass that he was preparing for offloading from the back of a flatbed truck for window installation at Museum tipped over onto him, knocking him to the ground. Contrary to defendants' contention, preparing a six-foot-tall crate weighing at least 1,500 pounds for hoisting posed an elevation-related risk for plaintiff within the meaning of Labor Law § 240 (1) (*see Marrero v 2075 Holding Co. LLC*, 106 AD3d 408 [1st Dept 2013]), and the crate was "an object that required securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]).

Further, there is unrebutted evidence that various devices, including wooden blocks for bracing, would have stabilized the crate while it was being maneuvered into a position to have slings placed on it for hoisting by the crane. Since plaintiff was never provided with proper safety devices, his use of the Johnson bar, or J-bar, to move the crate into position was not the sole proximate cause of the accident (*DeRose v Bloomingdale's Inc.*, 120 AD3d 41, 45 [1st Dept 2014]). Moreover, plaintiff testified that, in the past when he used a J-bar under a crate on a flatbed truck, a coworker would stabilize the crate by holding it. At the time of the incident no one stabilized the crate of glass as plaintiff used the J-bar to separate the crates.

Since the positioning of the flatbed truck was a temporary condition necessary for the crane to unload in the limited space available, it was not a dangerous work site condition but part of the means and methods of the work, over which Museum and Sciame exercised no supervision or control and for which they therefore cannot be held liable under Labor Law § 200 (*see O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 226 [1st Dept 2006], *affd* 7 NY3d 805 [2006]).

Roehl, which transported the glass to the construction site, is not entitled to summary judgment dismissing the common-law negligence claim as against it, since the surveillance video capturing the accident raises issues of fact as to whether the truck driver caused or contributed to the toppling of the crate by reaching for the J-bar. Concur—Tom, J.P., Friedman, Sweeny, Acosta and Andrias, JJ.