Ali v Sloan-Kettering Inst. for Cancer Research (2019 NY Slip Op 07544)





Ali v Sloan-Kettering Inst. for Cancer Research


2019 NY Slip Op 07544


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10161 311165/11

[*1] Nasir Ali, Plaintiff-Appellant,
v
Sloan-Kettering Institute for Cancer Research, et al., Defendants-Respondents, Turner Construction Company, Defendant.
Sloan-Kettering Institute for Cancer Research, et al., Third-Party Plaintiffs,
v
CM Air Conditioning Contractors, Inc., Third-Party Defendant-Respondent.


Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for appellant.
Dopf, P.C., New York (Martin B. Adams of counsel), for Sloan-Kettering Institute for Cancer Research, Memorial Hospital for Cancer and Allied Diseases, JGN Construction Corp., JGN Construction Management, LLC, Memorial Sloan Kettering Cancer Center, and Memorial Sloan Kettering Institute for
Cancer Research, respondents.
Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for CM Air Conditioning Contractors, Inc., respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about August 21, 2018, which, to the extent appealed from, granted defendants-respondents' and third-party defendant's motions for summary judgment dismissing the Labor Law §§ 240(1) and 241(6), claims and denied plaintiff's motion for partial summary judgment on the section 240(1) claim, unanimously modified, on the law, to deny defendants-respondents' and third-party defendant's motions as to the Labor Law § 240(1) claim, and grant plaintiff's motion, and otherwise affirmed, without costs.
Plaintiff was injured when an air conditioning system coil that weighed at least 300 pounds and was being transported secured to two dollies fell on his leg as he and three coworkers unloaded it from a truck. After plaintiff and his coworkers had brought the coil to ground level on the truck's lift gate and were attempting to move it off the lift gate, a wheel of a dolly became caught in a gap on the lift gate, and the coil tipped over.
In view of the weight of the coil and the amount of force it was able to generate, even in falling a relatively short distance, plaintiff's injury resulted from a failure to provide protection required by Labor Law § 240(1) against a risk arising from a significant elevation differential (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604-605 [2009]; Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]; Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]). Moving the coil safely required either hoisting equipment or a device [*2]designed to secure the coil against tipping or falling over (see Suwareh v State of New York, 24 AD3d 380, 380-381 [1st Dept 2005]; Grant v Solomon R. Guggenheim Museum, 139 AD3d 583, 584 [1st Dept 2016]; see also Runner, 13 NY3d at 604). No such equipment was provided.
The Labor Law § 241(6) claim was correctly dismissed. Industrial Code (12 NYCRR) § 23-1.7(e)(1) is inapplicable as a predicate for liability under the statute because the lift gate of the truck was not a passageway (see Quigley v Port Auth. of N.Y. & N.J., 168 AD3d 65, 67 [1st Dept 2018]; DePaul v NY Brush LLC, 120 AD3d 1046, 1047 [1st Dept 2014]). Industrial Code § 23-1.7(e)(2) is inapplicable because the accident was not caused by an accumulation of dirt or debris, scattered tools or materials, or a sharp projection. Industrial Code § 1.28(b) is inapplicable because the accident was not caused by a defect in the dolly
wheel, which the evidence shows was in good working order (see Garcia v 95 Wall Assoc., LLC, 116 AD3d 413 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK