Stigall v State of New York (2020 NY Slip Op 07306)





Stigall v State of New York


2020 NY Slip Op 07306


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Claim No. 128335 Appeal No. 12531 Case No. 2020-05474 

[*1]Kenneth Stigall et al., Claimants-Appellants,
v
The State of New York, Defendant-Respondent.


Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for appellants.
Mauro Lilling Naparty, LLP, Woodbury (Seth M. Weinberg of counsel), for respondent.



Order of the Court of Claims of the State of New York (Judith A. Hard, J.), entered November 12, 2019, which denied claimants' motion for partial summary judgment on the issue of liability on their Labor Law §§ 240(1) and 241(6) claims, unanimously reversed, on the law, without costs, and the motion granted.
Claimant Kenneth Stigall was walking on an I-beam during renovation work on a portion of the Major Deegan Expressway, when he tripped on a surveyor's retractable lanyard and fell off the beam. He states that his right shoulder struck the beam on the way down. He also states that his left foot struck a steel deck that was erected about 8 to 10 feet below the beam, before [*2]his body was somehow pulled back up by his lanyard, which was attached to a safety cable above, resulting in his dangling about two feet above the deck. The safety cable to which claimant anchored his lanyard was set up about three feet above the surface of the beam. Claimant alleges that his injuries were caused by the safety cable being positioned too low, preventing the lanyard from properly deploying, and his foot to strike the deck. Defendant State of New York owned the Expressway, and had retained claimant's employer, nonparty Tully Construction, to rehabilitate the structural iron.
Claimant was entitled to summary judgment on the Labor Law § 240(1) claim. The record establishes that the safety devices "proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity" (Ross v Curtis—Palmer Hydro—Elec. Co., 81 NY2d 494, 501 [1993]). Specifically, the record shows that the safety cable was set up too low, resulting in claimant's striking the deck before the lanyard could deploy (see Fernandez v BBD Developers, LLC, 103 AD3d 554, 555 [1st Dept 2013]). Indeed, Tully's site safety manager acknowledged that claimant was not provided adequate protection, testifying that, "in theory," if an ironworker was tied off to the safety cable, his body should not strike the deck below. He also stated that if he knew a worker was wearing the same type of lanyard that claimant was wearing, and could potentially strike the deck, he would "take the worker off the location and redesign or get a different piece of equipment." Further, the fact that claimant sustained injuries to his neck and back due to whiplash when his body was caused to be pulled back up abruptly also demonstrates lack of adequate protection (see Lopez v Boston Props. Inc., 41 AD3d 259, 260 [1st Dept 2007]; Kyle v City of New York, 268 AD2d 192, 197—198 [1st Dept 2000], lv denied 97 NY2d 608 [2002]). Defendant's contention that a triable issue of fact exists as to whether the injuries were proximately caused by claimant striking the beam on his way down, or the safety cable's improper height, is unavailing. Although claimant testified that his shoulder struck the beam as he fell, he also testified that the low anchor point resulted in his left foot striking the deck, and his body to sustain injuries due to whiplash.
Although academic, based on our finding on Labor Law § 240(1) (see Bonaerge v Leighton House Condominium, 134 AD3d 648, 650 [1st Dept 2015]), claimant would also be entitled to summary judgment on the Labor Law § 241(6) claim insofar predicated on Industrial Code (12 NYCRR) § 23-1.16(b), which requires the safety devices at issue to "be so arranged that if the user should fall such fall shall not exceed five feet." It is undisputed that claimant fell more than five feet before he struck the deck below. In light of the above, we need not reach the applicability of Industrial Code § 23-1.7(e)(1).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020