Crutch v 421 Kent Dev., LLC (2021 NY Slip Op 01751)





Crutch v 421 Kent Dev., LLC


2021 NY Slip Op 01751


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-12954
 (Index No. 13480/15)

[*1]Robert Crutch, plaintiff-appellant, 
v
421 Kent Development, LLC, et al., defendants third-party plaintiffs/second third-party plaintiffs-respondents; Centrifugal Associates Group, LLC, et al., third-party defendants, J & Z Mechanical/Construction Corp., third-party defendant-respondent; Everest Scaffolding, Inc., second third-party defendant-appellant.


Edelman & Edelman, P.C., New York, NY (David M. Schuller of counsel), for plaintiff-appellant.
Fuchs Rosenzweig PLLC, New York, NY (Alicia Sklan of counsel), for second third-party defendant-appellant.
Wood Smith Henning & Berman LLP, New York, NY (Stephanie M. Steinberg of counsel), for defendants third-party plaintiffs/second third-party plaintiffs-respondents.
Smith, Sovik, Kendrick & Sugnet, P.C., East Meadow, NY (John D. Goldman of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the second third-party defendant separately appeals, from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated August 30, 2018. The order, insofar as appealed from by the plaintiff, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and searched the record and awarded summary judgment dismissing that cause of action. The order, insofar as appealed from by the second third-party defendant, denied those branches of its cross motion which were for summary judgment dismissing the second third-party causes of action for contribution and common-law indemnification asserted against it, and denied that branch of its cross motion which was for summary judgment on the issue of liability on its second third-party counterclaim for contractual indemnification.
ORDERED that the order is reversed insofar as appealed from by the plaintiff, on the law, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the second third-party defendant; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendants third-party plaintiffs/second third-party plaintiffs and the third-party defendant J & Z Mechanical/Construction Corp., and one bill of costs is awarded to the defendants third-party plaintiffs/second third-party plaintiffs payable by the second third-party defendant.
In October 2013, the defendant 421 Kent Development, LLC (hereinafter 421 Kent), entered into a construction management services agreement with the defendant Wonder Works Construction Corp. (hereinafter Wonder Works; hereinafter together with 421 Kent, the defendants) to develop a parcel of property in Brooklyn. To complete the project, Wonder Works entered into a subcontract with the second third-party defendant Everest Scaffolding, Inc. (hereinafter Everest), to build a loading dock and elevator at the construction site (hereinafter the Everest subcontract). Wonder Works also entered into a subcontract with the third-party defendant Centrifugal Associates Group, LLC (hereinafter Centrifugal), to perform the HVAC work on the construction project. Centrifugal then entered into a subcontract with the third-party defendant J & Z Mechanical/Construction Corp. (hereinafter J & Z) to perform certain HVAC installation work. J & Z then entered into a subcontract with the third-party defendant Metropolis HVAC Contractors, Inc. (hereinafter Metropolis), to perform all work called for in the subcontract between Centrifugal and J & Z.
On the morning of August 3, 2015, the plaintiff, an HVAC mechanic employed by Metropolis, arrived at the job site at approximately 6:50 a.m. and walked up a ramp to an elevated loading dock at the site. This loading dock, which had removable pipe railings along its perimeter, had been set up by Everest. The plaintiff waited on the loading dock for an elevator, which would begin running at 7:00 a.m., to take him up to the various floors he would be working on that day. While waiting for the elevator, the plaintiff leaned back against one of the railings, and a horizontal support gave out, causing the plaintiff to fall from the loading dock onto the concrete approximately four to five feet below. The plaintiff allegedly sustained injuries as a result of his fall. The plaintiff thereafter commenced this action against the defendants to recover damages for personal injuries, asserting, inter alia, a cause of action alleging a violation of Labor Law § 240(1). The defendants then commenced a third-party action against Centrifugal, Metropolis, and J & Z. After discovery was completed, the defendants commenced a second third-party action against Everest.
The plaintiff subsequently moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action against the defendants. In response to a separate motion by the defendants, Everest cross-moved for summary judgment dismissing the second third-party causes of action for contribution and common-law indemnification asserted against it, and for summary judgment on the issue of liability on its second third-party counterclaims against the defendants. In an order dated August 30, 2018, the Supreme Court, among other things, denied the plaintiff's motion for summary judgment on the cause of action alleging a violation of Labor Law § 240(1) and searched the record and awarded summary judgment dismissing that cause of action, denied those branches of Everest's cross motion which were for summary judgment dismissing the second third-party causes of action for contribution and common-law indemnification asserted against it, and denied that branch of Everest's cross motion which was for summary judgment on the issue of liability on its second third-party counterclaim for contractual indemnification. The plaintiff appeals, and Everest separately appeals.
The Supreme Court improperly determined that the plaintiff was not entitled to the protections of Labor Law § 240(1). Under Labor Law § 240(1), "[a]ll contractors and owners . . . shall furnish or erect, or cause to be furnished or erected, . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to [construction workers employed on the premises]" (Labor Law § 240[1]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499-500). "To recover, the plaintiff must have been engaged in a covered activity—'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Soto v J. Crew Inc., 21 NY3d 562, 566, quoting Labor Law § 240[1]; see Panek v County of Albany, 99 NY2d 452, 457). The statute "is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed" (Quigley v Thatcher, 207 NY 66, 68; see Barreto v [*2]Metropolitan Transp. Auth., 25 NY3d 426, 436; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 292), and "should be construed with a commonsense approach to the realities of the workplace at issue" (Salazar v Novalex Contr. Corp., 18 NY3d 134, 140). To this end, the safety devices prescribed by Labor Law § 240(1) "are for the use or protection of persons in gaining access to or working at sites where elevation poses a risk" (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514; see Oprea v New York City Hous. Auth., 226 AD2d 310, 311; Ciraolo v Melville Ct. Assoc., 221 AD2d 582, 583).
Here, the plaintiff established that he needed to use the elevator, one of two at opposite ends of the construction site, to gain access to the various floors where he would be working throughout the day. Thus, accessing and waiting at the loading dock for the elevator, even before working hours began, was necessary to the plaintiff's work. We therefore conclude that the loading dock from which the plaintiff fell is included under "those parts, which must be accessed by a worker to do his or her job" (Hoyos v NY-1095 Ave. of the Ams., LLC, 156 AD3d 491, 494), and are afforded the protections of Labor Law § 240(1) (see Hoyos v NY-1095 Ave. of the Ams., LLC, 156 AD3d at 494-496; Amante v Pavarini McGovern, Inc., 127 AD3d 516, 516; Ciraolo v Melville Ct. Assoc., 221 AD2d at 583). Under the circumstances of this case, the fact that the plaintiff was not engaged in HVAC work at the moment of his accident does not preclude the application of Labor Law § 240(1).
The plaintiff further established that 421 Kent, as the owner of the property, and Wonder Works, as the general contractor, were proper parties under the Labor Law, that the pipe railings at the loading dock were inadequate to provide proper safety to the plaintiff, and that this inadequacy was a proximate cause of his alleged injuries (see Padilla v Park Plaza Owners Corp., 165 AD3d 1272, 1275; Guanopatin v Flushing Acquisition Holdings, LLC, 127 AD3d 812, 812-815; cf. Henriquez v Clarence P. Grant Hous. Dev. Fund Co., Inc., 186 AD3d 577, 577). In opposition to the plaintiff's prima facie showing, neither the defendants, the third-party defendants, nor Everest raised a triable issue of fact (see Padilla v Park Plaza Owners Corp., 165 AD3d at 1275; Sanchez v Metro Bldrs. Corp., 136 AD3d 783, 786). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and should not have, upon searching the record, awarded summary judgment dismissing that cause of action.
The Supreme Court did not err in denying that branch of Everest's motion which was for summary judgment dismissing the second third-party cause of action for common-law indemnification. "In order to establish a claim for common-law indemnification, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident, or, in the absence of any negligence, that the indemnitor had the authority to direct, supervise, and control the work giving rise to the injury" (Mohan v Atlantic Ct., LLC, 134 AD3d 1075, 1078-1079). Thus, a party moving for summary judgment dismissing a common-law indemnification claim can meet its prima facie burden by establishing that the plaintiff's accident was not due to its own negligence (see Mikelatos v Theofilaktidis, 105 AD3d 822, 824). Here, Everest failed to affirmatively demonstrate that it was free from negligence, as its argument was based on conclusory and unsubstantiated assertions that no evidence of its negligence had been proffered by the defendants (see Iannucci v Kucker & Bruh, LLP, 161 AD3d 959, 960; Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871). In light of Everest's failure to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing the second third-party cause of action for common-law indemnification, the portions of the opposition papers addressing this point need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court did not err in denying that branch of Everest's motion which was for summary judgment on its second third-party counterclaim for contractual indemnification. "'The right to contractual indemnification depends upon the specific language of the contract'" (O'Donnell v A.R. Fuels, Inc., 155 AD3d 644, 645, quoting George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 808). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire [*3]agreement and the surrounding circumstances" (George v Marshalls of MA, Inc., 61 AD3d at 930; see Shea v Bloomberg, L.P., 124 AD3d 621, 622). "In addition, 'a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor'" (Reisman v Bay Shore Union Free School Dist., 74 AD3d 772, 773, quoting Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662). Here, Everest's submissions failed to eliminate all triable issues of fact as to whether the parties intended for Wonder Works to indemnify Everest or vice versa (see Assevero v Hamilton & Church Props., LLC, 131 AD3d 553, 558; Spiegler v Gerken Bldg. Corp., 35 AD3d 715, 717). In any event, Everest also failed to affirmatively demonstrate that it was free from negligence (see George v Marshalls of MA, Inc., 61 AD3d at 930; Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d at 662; cf. Reisman v Bay Shore Union Free School Dist., 74 AD3d at 773-774). Accordingly, the court properly denied that branch of Everest's motion which was for summary judgment on the issue of liability on its second third-party counterclaim for contractual indemnification, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Everest's remaining contentions are unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court