Alonzo v RP1185 LLC (2026 NY Slip Op 00306)

Alonzo v RP1185 LLC

2026 NY Slip Op 00306

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Index No. 151861/20|Appeal No. 5684|Case No. 2024-05894|

[*1]Robinson Alonzo, Plaintiff-Appellant,
vRP1185 LLC et al., Defendants-Respondents.

Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for appellant.
Cerussi & Spring, P.C., White Plains (Zachary Taylor of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about September 3, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240(1) and granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the complaint reinstated, defendants' motion denied, to the extent it sought dismissal of the Labor Law § 240(1) claim, and plaintiff's motion granted.
Plaintiff's unrebutted testimony established that he was injured when he was standing approximately 10 feet above the floor on a piece of rebar that shifted or wobbled as his coworkers standing above him were handing him additional rebar to install. According to plaintiff when the rebar shifted, he dropped a piece of rebar that he was holding, causing it to fall approximately one foot. Plaintiff allegedly injured his shoulder when he grabbed it in an attempt to prevent it from falling further. Supreme Court should have denied defendants' motion to the extent that it sought summary judgment dismissing plaintiff's Labor Law § 240(1) cause of action. Contrary to defendants' assertion otherwise, they are not entitled to summary judgment on the grounds that plaintiff did not fall and was not struck by a falling object (see Runner v New York Stock Exchange, Inc., 13 NY3d 599, 604 [2009]; Lopez v Boston Props., Inc., 41 AD3d 259, 259-260 [1st Dept 2007]). On the contrary, liability under the statute may be imposed where, as here, a plaintiff can establish that their injury was caused by an attempt to catch something or prevent something from falling further (see Bonaerge v Leighton House Condominium, 134 AD3d 648, 649-650 [1st Dept 2015]; Kollbeck v 417 FS Realty LLC, 304 AD2d 499, 500 [1st Dept 2004]; Skow v Jones, Lang & Wooton Corp., 240 AD2d 194, 194-195 [1st Dept 1997]). The record establishes that plaintiff was injured in the act of trying to catch a falling piece of rebar, and that his injury may have been prevented had defendants supplied a proper hoist to safely transfer the rebar (see Suwareh v State of New York, 24 AD3d 380, 381 [1st Dept 2005]; see also Agli v 21 E. 90 Apts., Corp., 195 AD3d 458, 458-459 [1st Dept 2021]). According to the evidence submitted, although a crane was sometimes used to transfer heavy rebar at the job site, no crane was available at the time. Furthermore, defendants failed to establish that that the previously installed rebar, which was the sole platform available for plaintiff to stand on while his coworkers passed him the rebar from above, was stable and safe for plaintiff to be working on at an elevated height (see Macedo v J.D. Posillico, Inc., 68 AD3d 508, 509-510 [1st Dept 2009]).
It is for these same reasons that Supreme Court should have granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim. Plaintiff established prima facie that his injury directly flowed from the application of the force of gravity to an object, that he was injured in an effort to prevent the object from falling, and that he was not provided with a proper platform or scaffold (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; Lopez, 41 AD3d at 260).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026